SHORES, Justice.
This is the second appeal in this case. In Trabits v. Snow, 294 Ala. 313, 316 So.2d 336 (1975), this court reversed and remanded a judgment of the trial court ordering specific performance of a contract for the sale of land. There, the court held that Mrs. Tra-bits’ husband had not assented to the contract pursuant to the requirements of Title 34, § 73, Code. The opinion expressly pointed out, however, that the constitutionality of that statute had not been raised at trial nor on appeal.
When the case was reversed and remanded, the plaintiff, Snow, amended his complaint to raise the constitutionality of the statute. Mrs. Trabits filed a motion for summary judgment, relying on the transcript of the prior proceedings and upon the opinion of this court rendered on the first appeal. Snow filed an affidavit in opposition to Trabits’ motion for summary judgment, averring that he would give additional evidence (over and above that which was offered on the first trial) that would show that Arthur Trabits, Mrs. Trabits’ husband, did sign the contract as the husband of Dorothy Trabits, and not simply as a witness to her signature.
On November 22,1976, the Trabits moved to amend their answer by adding two additional defenses: (1) that the plaintiff and defendants were under a mutual misconception as to a material fact, and (2) that the contract was void and unenforceable because of a unilateral mistake by the defendants. The court allowed this amended answer on December 22, 1976. An identical amended answer had been offered in the original proceedings in this case, some three weeks after the case was tried, and the court refused to allow such amended answer.
In the meantime, on December 14, 1976, Snow filed a motion for summary judgment, and offered in support thereof the pleadings on file, the transcript of the prior proceedings, an affidavit, which if believed, tended to support his assertion that Mr. Trabits did sign the contract, not as a witness to his wife’s signature merely, but as an indication of his assent to the sale of the property. The motion for summary judgment filed by Snow also raised the constitutionality of Title 34, § 73, Code.
Thereafter, on December 22, 1976, the court denied Snow’s motion for summary *397 judgment and granted the motion for summary judgment in favor of the Trabits. The appeal is from this judgment.
As stated, the original appeal was from a judgment ordering specific performance in favor of Snow and against the Trabits. The trial court, having heard the evidence, concluded that Snow was entitled to have conveyed to him the property described in the judgment, which constitutes all of the property owned by Mrs. Trabits on Dog River, except 150 feet. In that proceeding, the trial court obviously concluded that Title 34, § 73, had been complied with. This court reversed that judgment and remanded the cause. On remand, the trial court granted the Trabits’ motion for summary judgment, based upon the transcript in the prior proceeding and the opinion of this court rendered on the first appeal. Judgment was entered on December 22, 1976, and this appeal was taken on January 10, 1977.
This court issued its opinion in Peddy v. Montgomery, 345 So.2d 631 (1977), holding Title 34, § 73, Code, unconstitutional. The present appeal was argued and submitted on May 10, 1977. Neither the trial court, nor the parties, had the benefit of the court’s opinion in Peddy at the time the motion for summary judgment was granted in favor of the Trabits, nor during the preparation of briefs on appeal. The court, therefore, allowed counsel for both sides to file supplemental briefs following oral argument.
The issue presented is, therefore, whether the trial court properly granted the Trabits’ motion for summary judgment in light of Peddy ? We hold that it did not. In Ped-dy, the court held that a married woman’s contract for the sale of her property is not void for failure to have her husband’s signature evidencing his assent to the conveyance. That decision renders moot the question of whether Mr. Trabits signed the contract involved here, simply as a witness or as a husband, evidencing his assent to his wife’s contract to convey her land. The husband’s signature is no longer necessary to validate a wife’s contract to convey land owned by her, as a witness or otherwise.
Mrs. Trabits insists, however, that the trial court should not be reversed for having granted the motion for summary judgment filed by her and her husband because it was proper, even in light of Peddy, as to Mr. Trabits. We are not impressed by this argument. In support of it, Mrs. Trabits relies on Housing Authority of City of Prichard v. Malloy, Ala., 341 So.2d 708 (1977). In that case, the defendant-appellant argued that the trial court erred in refusing to grant a general motion for directed verdict in its favor, when it at the same time admitted that it owed the plaintiff part of the amount of his claim. In refusing to reverse, this court said:
“ . . The trial Judge could not, on the one hand, direct the jury to render a verdict for The Housing Authority on the case in its entirety (which was the only motion before him), and, on the other hand, direct the jury to render a verdict for Malloy as to a portion of his claim (which was uncontested except as to the amount).” (341 So.2d at 709)
The holding in Malloy is that a general motion for directed verdict under ARCP 50 can go only to the ease in its entirety and, that to preserve review on individual issues, a motion must be made for a directed verdict on each of such issues. Therefore, it is not authority for the position taken by Mrs. Trabits on this appeal.
As presently postured, we must review the propriety of the trial court’s granting a motion for summary judgment in favor of Mrs. Trabits and against Snow, after eliminating any application of Title 34, § 73. In other words, assuming that the contract signed by Mrs. Trabits is not void because of failure to comply with that statute, now declared unconstitutional, is there a genuine issue of any material fact which would require a trial on issues not heretofore litigated? We think so.
After the cause was reversed and remanded, plaintiff Snow was allowed to amend his complaint to raise the constitutionality of Title 34, § 73. The Trabits *398 were allowed to amend their answer to raise defenses which were disallowed in the first trial, presumably because such amended answer was not filed until after the evidence was taken in the case. This amended answer, which has now been allowed by the trial court, raises as defenses to the plaintiff’s complaint seeking specific performance, issues of mutual mistake as to a material fact at the time of entering into the contract in that the parties were mistaken as to the description of the land made the basis of the suit; and secondly, that the contract cannot be specifically enforced because the defendants were under a unilateral mistake regarding a material fact, in that the defendants believed that the property involved in the contract had a front footage on Dog River in the amount of 550 feet, while it actually had a front footage of 576.5 feet.
Although Snow argues that these matters were considered by the trial court in the first trial, that is not clear from the record. It is clear from the record in the first trial that these exact defenses were disallowed. The court has now allowed them, and they clearly create issues of a material fact, requiring a reversal of the order granting summary judgment.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, FAULKNER and BEATTY, JJ., concur.