## ELLER v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

### No. 83.

District Court, S. D. Iowa, Central Division.

May 1, 1940.

C. B. Hextell, of Des Moines, Iowa, for plaintiff.

Wm. Hossfeld, of Lehmann, Hurlburt & Hossfeld, of Des Moines, Iowa, for defendant.

DEWEY, District Judge.

In the above entitled action a motion was filed by the plaintiff for leave to use depositions, and the matter coming on for hearing in open court was argued and submitted.

While not as clear as it might be, I am satisfied the wordings of Rule 26 (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permit the use of the depositions requested in the trial of this case as far as admissible under the rules of evidence (see Moore's Federal Practice, page 2468, where Rule 26 is discussed), as it especially appears:

1. That the parties and the subject matter are the same as in the case in which the depositions were first taken, to · wit, Eller v. Mutual Benefit Health & Accident Ass'n, which was then pending in the District Court of the State of Iowa in and for Polk County, being Law No. 45773.

2. That the witnesses will not appear by subpoena and reside more than 100 miles from the place of trial.

3. And that the plaintiff is financially unable to again pay for the taking of these depositions as the witnesses refuse to leave Iowa City unless compelled to do so and the charges for their services as witnesses and the expense of taking their depositions is substantial.

Plaintiff's motion for leave to use depositions is therefore sustained and permission granted to so use the depositions subject to the objections at the trial as to the competency and materiality of the evidence.

Defendant excepts.