## WEISS v. WEINER.
### Civ. A. No. 4313.

United States District Court
D. Maryland.
May 29, 1950.

Wm. Graham Boyce, Jr., of Baltimore, Md., for plaintiff.

Erwin J. Ulman and Herbert Myerberg, both of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The jurisdiction of the court in this case was based upon diversity of citizenship. The suit was to recover damages for alleged breach of a written contract in which the defendant as vendor agreed to sell to the plaintiff as vendee a certain quantity of "sheet steel—as is—not bundled", etc., as more specifically described in the contract in evidence and in the charge to the jury. The railroad car containing the steel was delivered in New York to the plaintiff after he had paid a sight draft for the full amount of the purchase price. After inspection the plaintiff vendee claimed that the material was not in accordance with the requirements of the written contract. He sued to recover $5,000 or $6,000 damages. As a result of the jury trial the plaintiff recovered a verdict for only $1,000 and a further sum of about $137 representing an adjustment of freight.

A more particular statement of the case with respect to the applicable law and the summary of the evidence will be found in the charge to the jury which was stenographically reported but has not been transcribed.

The plaintiff has moved for a new trial on several grounds but the only one pressed by counsel in argument is an alleged mistaken ruling on evidence in admitting at the instance of defendant's counsel a typewritten transcript of the defendant's depo-

sition taken in Baltimore many months before the trial. This deposition, with that of another witness, had been taken by agreement of the parties after due notice and without objection although apparently with more particular insistence of plaintiff's counsel who, it is said, understood that the defendant was then proposing to remove his residence from Maryland to California to engage in business there. In this deposition the defendant was examined at very considerable length by counsel for the plaintiff.

The case was not immediately pressed for trial by the plaintiff but in due course a trial date was requested and postponed at the request of defendant's counsel until a later date; but a second requested postponement was refused and the case then went to trial in the absence of the defendant who, it was satisfactorily represented to the court, was then and for months theretofore had been residing in Florida as it was stated for his health although this was apparently not assented to by plaintiff's counsel. At the time of the institution of the suit the plaintiff was a resident and citizen of New York and the defendant a citizen and resident of Maryland.

In the absence of the defendant his counsel offered in evidence his deposition under the provision of Fed. Rules Civ. Proc. rule 26(d) (3), subds. 2, and 5, 28 U.S.C.A. This rule reads:

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds * * *

"2, that the witness is at a greater distance than 100 miles from the place of trial or hearing. * * * Unless it appears that the absence of the witness was procured by the party offering the deposition; * * * or

"5, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

The motion for a new trial is based on the alleged error in admitting this deposition of the defendant. Both at the trial itself and on the motion for a new trial counsel have been fully heard upon this subject. I have concluded that under the circumstances of the case the deposition was properly admitted in evidence. While the defendant had been a resident of Maryland when the suit was filed about two years ago he had for many months prior to the trial been residing in Florida and was, of course, more than 100 miles distant from the trial itself. Rule 26(d) (3) is therefore literally gratified unless the circumstances satisfy the court that the deponent's absence could have been said to have been *procured* by himself. I do not think the circumstances justify this conclusion. Presumably it was a disadvantage to the defendant himself not to have his own evidence heard by the jury. As he had been very fully examined and practically cross-examined in the taking of his deposition by the plaintiff's attorney, it could not be said that the latter was deprived of the opportunity to cross-examine him. There was nothing shown to indicate to the court when the deposition was offered that the appearance, demeanor or behavior of the defendant in the taking of the deposition was such that it would have been an advantage to the plaintiff to have had him present for the observance of the jury at the trial. Furthermore it may be observed that the nature of the case on the evidence as a whole and the verdict of the jury after the charge of the court left the impression upon me as the trial judge that the deposition of the defendant was of very minor importance indeed in relation to the jury verdict which I think was based substantially on the oral evidence that the jury heard from the plaintiff's own witnesses.

The exact and precise question as to the application of Rule 26(d) (3), subd. 2 to a situation of this kind has been very little discussed by text-writers or in adjudicated cases. The principal discussion in a text is that of the well-known work of Moore's Federal Practice, Vol. II, pp. 2460–2462 with cumulative supplement, pp. 2492–2493.

The only discussion of the possible application of the rule in federal judicial decisions seems to be in Arnstein v. Porter, 2 Cir., 154 F.2d 464, and particularly at pages 469-471 (opinion by Judge Frank, with dissent at page 478 by Judge Clark). Counsel for the plaintiff interprets the majority opinion by Judge Frank as supporting his view as to the inadmissibility of the deposition in this case; but conceded that if so understood it is admittedly obiter. On the other hand, it is not disputed that Judge Clark's dissent if correct is precisely applicable to this situation.

■ As I read the majority opinion it is not an authority supporting the plaintiff's contention as applied to this particular situation. Judge Frank was discussing the sufficiency of depositions to justify a summary judgment in a copyright case. I am in entire accord with the conclusion of the majority in that case that the summary judgment was not properly based on opposing affidavits rather than on a full court trial where the contending parties could be present in court. Equally I am in accord with Judge Clark's view as to the proper interpretation and application generally (without special consideration of a summary judgment case) of the use of the deposition of a party who at the time of the trial is in fact 100 miles away from the place of the trial. And I do not think it can justly be said that under the circumstances of this case, in so far as the court could gather them at the trial, the party had *procured* his own absence. The word "procured" in this context would seem to imply that a party had collusively instigated or induced a witness to remove himself from being subjected to a subpoena to testify at the trial, or at least had unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined. So far as I know no effort was made by the plaintiff's attorney in this case to summon the defendant to appear as a witness at the trial.

For these reasons I have concluded that the motion for a new trial should be and it is hereby *overruled*.