306 So.2d 259

**The STATE of Alabama**

v.

**John A. HINES, Jr., and Carol Hines.**

**S.C. 697.**

Supreme Court of Alabama.

Jan. 16, 1975.

Ralph E. Coleman, Sp. Asst. Atty. Gen., Birmingham, for the State, appellant.

Frank Ellis, Jr., and Conrad M. Fowler, Jr., Columbiana, for appellees.

HARWOOD, Justice.

This is an appeal by the State of Alabama from a judgment of the Circuit Court of Shelby County in a condemnation proceeding instituted by the State against certain lands belonging to John A. Hines, Jr., and Carol Hines. By stipulation of the parties, it was agreed that the date of the taking was February 19, 1973, and that the State of Alabama had the right to condemn. Therefore, the sole issue to be tried by the jury was the measure of damages due the property owners.

The jury returned a verdict against the State of Alabama, and assessed the amount of compensation due to the property owners at $140,000 as of the date of taking, i. e., 19 February 1973. The judgment recites that it being shown to the court that the State of Alabama had deposited with the Judge of Probate of Shelby County, Alabama, the sum of $129,100 as damages and compensation for the land taken, which sum had been transferred to the Clerk of the Circuit Court of Shelby County, it was ordered and adjudged by the

court that the State of Alabama pay an additional sum of $10,900, and "in accordance with the stipulation of the parties made in open court" interest in the amount of $6,696.61 on the judgment of $140,000, being at the rate of 6 per cent per annum from 19 February 1973, to 6 December 1973, the date of the decree, as damages and compensation for the land taken and condemned. Costs were assessed against the State.

The State filed a motion for a new trial, some of the grounds of which asserted the excessiveness of the damages awarded. The motion for a new trial was overruled by the court.

However, on this appeal the State has not assigned as error the action of the court in overruling the motion for a new trial, and its assignments of error relate only the court's instructions to the jury, rulings as to admission or rejection of evidence, and rulings during the argument of counsel to the jury.

Since on this appeal the State has not by any assignments of error questioned the amount of damages awarded, our consideration on this appeal is squarely within the rule again enunciated in the fairly recent case of Mims v. Mississippi Power Company, 282 Ala. 90, 209 So.2d 375, as follows:

"In several cases we have said in effect that where the issue involved in the trial of a condemnation case relates solely to damages and compensation to which a landowner is entitled, and the amount of the verdict of the jury is not questioned on appeal, assignments of error relating to the correctness of jury charges, jury arguments, and rulings on evidence which deal with damages and compensation, cannot work a reversal.— State v. LeCroy, 279 Ala. 428, 186 So.2d 142; State v. Dunlap, 279 Ala. 418, 186 So.2d 132; State v. Jackson, 279 Ala. 425, 186 So.2d 139; State v. Young, 279 Ala. 426, 186 So.2d 140; State v. Graf, 280 Ala. 71, 189 So.2d 912; State v. Peinhardt, 270 Ala. 627, 120 So.2d 728;

State v. East Woodland Hills, Inc., 281 Ala. 430, 203 So.2d 447."

The doctrine of *Mims*, supra, and the authorities cited therein, compel an affirmance of the judgment here considered.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, MADDOX and FAULKNER, JJ., concur.