344 So.2d 754 (1977)
STATE of Alabama
v.
Horace L. LONG, Jr., et al.
SC 1378.
Supreme Court of Alabama.
April 1, 1977.
Rehearing Denied May 6, 1977.
*755 Joseph J. Boswell, Sp. Asst. Atty. Gen., Mobile, for appellant.
Victor T. Hudson, II, Mobile, for appellee.
ALMON, Justice.
This appeal by the State of Alabama involves the condemnation by the State of approximately 96 acres for Interstate Highway 65 in the general vicinity of Mobile. The original application for condemnation was filed in the Probate Court of Mobile County. In accordance with a report by three commissioners appointed by the probate *756 judge, the Probate Court awarded damages and compensation in the sum of $120,700.00.
Mr. and Mrs. Horace L. Long appealed to the circuit court and requested a jury. The only issue at trial was the fair market value of the property condemned. Expert witnesses placed the value of the property at between $93,000.00 (the lowest estimate, given by a State's witness) and $513,510.00 (the highest estimate, given by an appellee's witness). The jury assessed compensation damages at $290,000.00. The State appealed without filing a motion for a new trial.
In order to preserve for appeal questions related to damages, the State must file a motion for a new trial alleging as a ground that the verdict was excessive. State v. Ward, 293 Ala. 516, 306 So.2d 265 (1975). A similar requirement is placed on the condemnee when he appeals. Mims v. Mississippi Power Company, 282 Ala. 90, 209 So.2d 375 (1968). The State failed to file such a motion; however, we now hold that such a motion is no longer required to preserve questions ruled on by the trial judge, though such a motion must still be made to preserve the specific question of excessive verdict.

I
"`In several cases we have said in effect that where the issue involved in the trial of a condemnation case relates solely to damages and compensation to which a landowner is entitled, and the amount of the verdict of the jury is not questioned on appeal, assignments of error relating to the correctness of jury charges, jury arguments, and rulings on evidence which deal with damages and compensation, cannot work a reversal.  State v. LeCroy, 279 Ala. 428, 186 So.2d 142; State v. Dunlap, 279 Ala. 418, 186 So.2d 132; State v. Jackson, 279 Ala. 425, 186 So.2d 139; State v. Young, 279 Ala. 426, 186 So.2d 140; State v. Graf, 280 Ala. 71, 189 So.2d 912; State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; State v. East Woodland Hills, Inc., 281 Ala. 430, 203 So.2d 447.
"`For other cases to like effect see Alabama v. Ferguson, supra [269 Ala. 44, 110 So.2d 280]; Cooper v. Watts, 280 Ala. 236, 191 So.2d 519; Southern Railway Co. v. Edmunds, 280 Ala. 247, 192 So.2d 451.. . .'" State v. Ward, supra, 293 Ala. at 519, 306 So.2d at 267 (1975). See also State v. Hines, 293 Ala. 509, 306 So.2d 259 (1975); State v. Pugh, 293 Ala. 593, 308 So.2d 248 (1975).
The only way to get the question of an excessive or inadequate verdict before the trial court is on a motion for a new trial. There is no other way that a trial judge can rule on it, and such a ruling is necessary to preserve the question for appeal. An analogous situation exists when the question of sufficiency of the evidence is raised; the only way to preserve it for appeal is to raise it in a motion for a new trial (or perhaps by motion for judgment notwithstanding the verdict). Horn v. Smith, 292 Ala. 503, 296 So.2d 719 (1974). However, no one would contend that this court should deny review of the admissibility of specific testimony properly objected to at trial because the appellant did not move for a new trial asserting insufficiency of the evidence, or that we should not review a jury charge because of the lack of such a motion. Yet, in condemnation cases this court currently requires a motion for a new trial asserting an excessive or inadequate verdict before we will consider specific errors. The theory is that if the appellant is satisfied with the damages (because he does not argue they are excessive or inadequate), then any error relating to damages is harmless. The same logic would apply equally well to sufficiency of the evidence: Any error as to specific evidence or the jury charge is harmless because the appellant is satisfied with the sufficiency of the evidence (because he does not argue that the evidence was insufficient). Of course, such a statement, while as equally logical, has no basis in law, so why do we require it in condemnation cases?
"It is plainly true that condemnor has not been injured by the erroneous admission of incompetent evidence or incorrect instructions unless the verdict be for an *757 amount greater than is proper, but it does not follow that condemnor has not been injured unless condemnor can show that the trial court erred in overruling the motion for new trial on the ground that the verdict was excessive. There may be competent evidence to support the verdict and such evidence may have been admitted without error. There may also be, as appellant contends, other evidence which influenced the jury in reaching a verdict and such other evidence may have been erroneously admitted. Error in admitting improper evidence tending to prove the amount of damages is not cured or rendered harmless by the mere admission of competent evidence which supports the verdict." State v. Dunlap, 279 Ala. 418, 423, 186 So.2d 132, 137 (1966) dissenting opinion of Justice Coleman. (Emphasis added.)
The fact that a verdict is not excessive does not mean that it is "proper." In this case the expert witnesses placed the value of the property at between approximately $100,000.00 and $500,000.00. Any verdict within this wide range would not be excessive. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738 (1890); State v. Central of Georgia R. Co., 293 Ala. 675, 309 So.2d 452 (1975); State v. Wise Development Corp., 293 Ala. 671, 309 So.2d 448 (1975); State v. Walker, 281 Ala. 182, 200 So.2d 482 (1967). But such a verdict would not necessarily be proper. Errors relating to the correctness of jury charges, jury arguments, and rulings on evidence affect the verdict.
Whether the present rule should be reversed, we need not decide, as Rule 4 of the Alabama Rules of Appellate Procedure (1977) mandates such a reversal. Rule 4(a)(3) of the Alabama Rules of Appellate Procedure (1977) provides that "[a]ny error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52(b) [Findings by the Court, (b) Amendment] or Rule 59 [New trials; Amendment of Judgments] of the ARCP." The Committee Comments add the following:
"The provision of subdivision (a)(3) in the last sentence permitting assertion in the appellate court of any matter raised or asserted in the trial court whether such matter was raised by motion for new trial under ARCP Rule 59 or for motion of amendment of findings of fact under ARCP Rule 52(b) is a departure from existing Alabama practice. The rule does not, however, extend the right to raise for the first time on appeal new matter not presented to the trial court or upon which the trial court had no opportunity to pass.
"The requirement retains the practice that matters raised on appeal must have been presented to the trial court at some stage. Thus matters which can only be raised by post-trial motion must be so asserted. The provision is intended to avoid the necessity of repeated assertions of the same point below. Once ruled on by the trial court in some form, the point is preserved for review on appeal."
We therefore hold that a motion for a new trial alleging excessive verdict is no longer required to preserve for appeal questions ruled on by the trial judge. Of course, such a motion is still required to preserve the specific question of excessive verdict. We now proceed to the issues ruled on by the trial court on which the State alleges error.

II
At trial the appellee entered into evidence the deposition of Sheldon Morgan, Vice-President of Industrial Development at Merchants National Bank of Mobile. The deposition was taken June 3, 1975, eight days before the case went to trial. Within the deposition Mr. Morgan explained that at the time of trial he would be at a banking school at Rutgers University in Brunswick, New Jersey; the school had been scheduled for a year. No reason is given by the State to believe that Morgan was not at the banking school.
*758 The State contends that Morgan's deposition should not have been admitted for two reasons:
"(1) Although Rule 32(a)(3)(B) does not use the word `resides' nevertheless it is incumbent upon the party offering the deposition to show that the deponent witness `resides' more than one hundred miles from the place of trial or is out of state and could not have been subpoenaed to attend the trial and present oral testimony.
"(2) The absence of the witness was procured by the defendant in this case who offered the deposition." Appellant's brief.
Rule 32(a)(3)(B) of the Alabama Rules of Civil Procedure reads as follows:
"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: . . .(B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the depositions; . . ."
Prior to Rule 32 ARCP, Tit. 7, § 474(4), Code of Alabama 1940, Recompiled 1958, controlled the use of depositions at trial. The applicable provision of that section read as follows:
"(c) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: . . . (4) when the witness resides more than 100 miles from the place of trial, computed by the route usually traveled, or resides out of, or is absent from the state; . . ." (Emphasis added.)
The word "resides" in § 474(4)(c)(4) was conspicuously replaced by the word "is" in Rule 32(a)(3)(B). Furthermore, even under Tit. 7, § 474(4)(c)(4), being absent from the state was sufficient.
In Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975), Taylor, the plaintiff in the case, wanted to introduce the deposition of a consulting engineer who was a resident of the county in which the trial was held; the deposition was taken by Alabama Power Company. At the time of trial the deponent was in either Birmingham or Atlanta, and did not appear, though he had been subpoenaed.
"It is not disputed that the witness Jenkins was more than 100 miles from the place of trial when the deposition was offered. Alabama Power Company had the opportunity to examine him when he was deposed. No contention is made that the witness' absence was procured by the plaintiff. Therefore, it is clear that under Rule 32(a)(3)(B), Alabama Rules of Civil Procedure, the deposition was admissible. As we perceive it, the very purpose of the rule is to prevent the need for a continuance." Id. at 488, 306 So.2d at 239.
We see no difference between Alabama Power Company v. Taylor and the case at hand, with the possible exception that in Alabama Power the deponent had been subpoenaed; however, the failure to subpoena the witness when he is at a greater distance than 100 miles from the place of the trial or out of the state is not a reason to prevent the deposition from being entered into evidence.
"All of the other deponentsJohnson, Ferris, Walraven, and Seidemannwere at a distance substantially greater than 100 miles from Baltimore at the time of trial. For the purposes of Rule 26(d)(3)2 [of the Federal Rules of Civil Procedure, which is substantially the same as Rule 32(a)(3)(B), ARCP, 1977] the mere absence of the deponent from the 100 mile area is sufficient, and the party attempting to submit the deposition into evidence need not proffer an excuse for the deponent to appear in court." Houser v. Snap-on Tools Corporation, D. C., 202 F.Supp. 181, 189 (1962).
The State bases its argument on the cases of Weiss v. Weiner, 10 F.R.D. 387 (D.C.Md., 1950); Eller v. Mutual Ben. Health & Accident Ass'n, 1 F.R.D. 280 (D.C.Iowa, 1940), and Arnstein v. Porter, 154 F.2d 464 (2d *759 C.C.A., 1946). These cases do not support appellant's position.
in Weiss and Eller, the party and nonparties, respectively, were described as residing outside the 100 mile limit, but that does not mean that they must reside outside the 100 mile limit. In Arnstein, Judge Frank was reviewing the propriety of a summary judgment based on depositions of the plaintiff and defendant. Part of his reasoning in remanding the case for trial stemmed from his belief that actual testimony should be required when the correctness of a summary judgment is in doubt, rather than relying on depositions, which are substitutes, second-bests. We agree with Judge Frank's decision, especially in consideration of our scintilla evidence rule. However, the question of when a deposition should be allowed into evidence at trial was not an issue in Arnstein. (The defendant in Arnstein resided within a few miles of the place of trial.) See Weiss, supra, which agrees with our interpretation of Arnstein. The State's objection to the deposition is also partly based on the "unless" clause of Rule 32(a)(3)(B). It contends that because appellee acquiesced in Morgan's trip, he thereby procured Morgan's absence.
"However, procuring absence and doing nothing to facilitate presence are quite different things, and here we have no showing of allegation that Snap-on actively took steps to keep the deponents from setting foot in the courtroom." Houser, supra at 189.
"The word `procured' in this context would seem to imply that a party had collusively instigated or induced a witness to remove himself from being subject to a subpoena to testify at the trial, or at least had unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined. So far as I know no effort was made by the plaintiff's attorney in this case to summon the defendant to appear as a witness at the trial." Weiss, supra, at 389.
While we conclude that the deposition was properly admitted, we add the caveat that we are dealing with a nonparty expert witness, not a party to the suit. Additional considerations may exist with a party who wants to submit his deposition in place of appearing at trial that do not exist with a nonparty. See 4A Moore's Federal Practice, § 32.05[1], and Richmond v. Brooks, 227 F.2d 490 (2d C.C.A., 1955).

III
Appellant's other contention is that part of Morgan's deposition is inadmissible. Morgan concluded "that the Long property and the property known as the Ladd property, which is adjacent thereto, when together, form a prime industrial site." The State would have us conclude that Morgan's testimony is "tantamount to testimony about a land use which is purely imaginary and based on pure speculation and conjecture." We note that the State's argument goes to the question of whether the highest and best use of a tract of land may be based on the use the tract in association with adjacent land held by other owners, not whether the tract is capable of being an industrial site assuming the adjacent tract might be included.
The fact that the adjacent land is held in ownership by another party who may or may not want to sell is not determinative.
"The fact that the most profitable use of a parcel can be made only in combination with other lands does not necessarily exclude that use from consideration if the possibility of combination is reasonably sufficient to affect market value. . . In respect of each item of property that value may be deemed to be the sum which, considering all the circumstances, could have been obtained for it; that is, the amount that in all probability would have been arrived at by fair negotiations between an owner willing to sell and a purchaser desiring to buy. In making that estimate there should be taken into account all considerations that fairly might be brought forward and reasonably be given substantial weight in such bargaining. Brooks-Scanlon Corp. v. United *760 States, 265 U.S. 106, 124, 44 S.Ct. 471, 68 L.Ed. 934. The determination is to be made in the light of all facts affecting the market value that are shown by the evidence taken in connection with those of such general notoriety as not to require proof. Elements affecting value that depend upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable should be excluded from consideration for that would be to allow mere speculation and conjecture to become a guide for the ascertainment of valuea thing to be condemned in business transactions as well as in judicial ascertainment of truth." Olson v. United States, 292 U.S. 246, 256-257, 54 S.Ct. 704, 709, 78 L.Ed. 1236 (1934).
See United States v. Fuller, 409 U.S. 488, 93 S.Ct. 801, 35 L.Ed.2d 16 (1973).
"`. . . Whatever an intelligent buyer would esteem as an element of value at the time of taking may be considered." Blount County v. McPherson, 268 Ala. 133, 137, 105 So.2d 117, 121 (1958), quoting from Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718, 721 (1939).
The State cites no cases in support of its contention, nor does it give any reason to believe that a prospective buyer would not consider the value of this property in respect to adjacent properties. The mere fact that the adjacent property is held in another ownership does not make their combined use speculative and imaginative without other supporting factors. See Olsen, supra. The bargaining power of the individual seller would certainly be greater if he owned his tract and the adjacent tract, but that does not make testimony possibility of the use of both tracts in combination inadmissible.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH and JONES, JJ., concur specially.
FAULKNER, J., not sitting.
BLOODWORTH, Justice, concurring specially.
I concur in that part of the opinion of Mr. Justice Almon for the Court which construes Rule 4(a)(3), ARAP, as no longer requiring us to follow our rule that, a motion for new trial, alleging excessive verdict, is necessary in order to preserve for appeal the evidentiary rulings by the trial court in condemnation cases.
Although Rule 4(a)(3) does not specifically address the rule of our cases, this departure from prior practice seems implicit in the language of Rule 4(a)(3) as it is buttressed by the "Committee Comments."
Moreover, Rule 1 specifically mandates that this Court construe the Alabama Rules of Appellate Procedure "so as to assure the fast, speedy and inexpensive determination of every appellate proceeding on its merits." [Emphasis supplied.]
It is thus that I concur in this opinion, even though this rule has been followed by this Court for many years. See State v. Pugh, 293 Ala. 593, 308 So.2d 248 (1975); State v. Ward, 293 Ala. 516, 306 So.2d 265 (1975); State v. Hines, 293 Ala. 509, 306 So.2d 259 (1975); State v. Dunlap, 279 Ala. 418, 186 So.2d 132 (1966). I think the rule was logical and sound. Together with many other justices on this Court, I have written, or concurred in, opinions, which have followed the rule.
JONES, J., concurs.