This is an appeal from a default judgment entered by the court, when Wade's counsel, unsuccessful in obtaining a continuance, did not appear for trial as scheduled. We affirm.
Pridmore filed a complaint in the Circuit Court on October 8, 1975, seeking dissolution of Mountain Auto Parts, Inc., and distribution of its assets, not claimed by creditors, to him. Pridmore alleged in his complaint *Page 512 
that he was the beneficial owner of all of the shares of stock of the corporation, and owned legal title to 51% of the shares. Wade was to own legal title to 48% of the stock. Lee Clyde Traylor was to own legal title to 1% of the stock. The complaint alleged that Wade was to operate the business of the corporation at a salary of $150.00 per week, and if, at the end of 7 years from the date of incorporation, the arrangement proved profitable, the corporation existed for 7 years, and Wade was still with the business, he was to get 50% of the beneficial or equitable interest of the corporation. The receipt of 50% of the beneficial interest was conditioned on Wade's efficient operation of the business and his being with the corporation at the end of the 7 years period. If he operated the business in a negligent or wasteful manner, or, if he voluntarily ended his services with the corporation, Pridmore would continue to own 100% of the beneficial interest.
Pridmore alleged that Wade negligently operated the business, and it was necessary to fire him. (The complaint is silent as to when Wade was fired.)
Wade's answer admitted the corporation, denied the agreement as alleged, counterclaimed for 48% interest in the corporation, prayed for an accounting, punitive damages for breach of Pridmore's fiduciary obligations, and demanded a jury trial.
Subsequently, Wade moved for a summary judgment on the pleadings, without any supporting evidence, bottomed on the theory that the alleged agreement of stock ownership was oral, and therefore, violated the statute of frauds. The court denied the motion, struck the jury demand as to the issues of ownership of stock, dissolution and accounting, and granted a jury trial as to breach of fiduciary obligation.
On Pridmore's motion, trial was set for May 10, 1977. On May 10, Wade's counsel had to appear in this court; consequently, trial was reset for July 25. The case was continued again, on Pridmore's motion, to October 11. The case was reset for October 25, because Wade's counsel had laryngitis, and again was appearing in this court. On October 24-25, Wade's counsel was engaged in trial in a federal court. During the afternoon of October 24, the trial judge was advised of another requested continuance by Wade's counsel. The judge refused to grant a continuance without the consent of Pridmore's counsel. He withheld consent.
On October 25 the court held a hearing, attended only by Pridmore's counsel, on Pridmore's motion for default judgment. Counsel stated in open court that Wade was neither incompetent nor an infant. Default judgment was entered October 27. Wade filed a motion to set aside the default November 10, but withdrew it November, 15, so that an appeal could be filed in this court on the entrance of the default judgment.
Withdrawing the motion to set aside the default, in our opinion, prevents review of any alleged error of entering the default, because of abuse of discretion by the trial court. (We find no evidence of fraud, collusion or jurisdictional issues.) Rule 55 (c) ARCP provides that the court in its discretion may set aside an entry of default and may set aside a judgment bydefault within 30 days thereafter. While the Rule specifically provides discretion to set aside an entry of default, and does not specifically mention discretion to set aside a defaultjudgment, yet logically it follows that the court also has discretion in setting aside the judgment within thirty days from its entry.
Our Rule 55 (c) differs from the Federal Rule in that the Federal Rule provides that an entry of default may be set asidefor good cause shown, and "may likewise" set aside a judgment of default "in accordance with Rule 60 (b)." Our Rule has no express reference to Rule 60 ARCP. The Committee Comments state:
 "This was eliminated in order to insure the court's power to set aside a default judgment in thirty days in an instance where Rule 60 might not afford justification. No time limit is expressed with respect to an entry of default. Of course, Rule 60 becomes available when more than thirty days has passed since the entry of the judgment by default." *Page 513 
We opine that a party in default should make a formal motion to set aside a judgment of default. The granting or denying the motion will involve the exercise of the sound discretion of the trial court, and that will be interfered with by an appellate court only where there is an abuse.
As the judgment by default is a final judgment binding the defendant to the same extent as if the allegations of the complaint had been contested, we cannot reach the issue of whether it was error to deny Wade's summary judgment motion. The order denying the motion was interlocutory — not an appealable order. Consequently, the issues raised in the motion for summary judgment, as well as other issues raised by Wade, could have been litigated at a trial. They were not, and are considered waived by the judgment by default.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.