This is an appeal from the trial court's decree in which it refused to vacate a 1973 decree of the Probate Court of Jefferson County, Alabama, which set apart real property owned by James Hutchins, deceased, as exempt to his widow, Mattie L. Hutchins. We affirm.
James Hutchins died in 1951 in Jefferson County. He was survived by his widow, Mattie, and an adult son, Henderson Hutchins. At the time of his death, James was the owner of a house and lot in Jefferson County which served as his residence.
In 1973, Mattie Hutchins petitioned the probate court for an exemption without administration. She stated in the petition that the whereabouts of Henderson Hutchins were unknown to her and that he was last known to be in Erie County, New York. Notice was given by publication in accordance with Title 7, § 204, Code 1940 (Recompiled 1958). The court appointed commissioners, who reported that the homestead property was all the real property owned by James Hutchins in Alabama; and that its value at the time of his death did not exceed $2000. The court confirmed the commissioners' report and set aside the homestead to Mattie L. Hutchins. Mattie Hutchins died in 1976 leaving two children, not children of James Hutchins.
In 1977, the widow and children of Henderson Hutchins, then deceased, brought this action to vacate the probate court's decree setting apart the homestead to Mattie. Mattie's two children were made defendants. The plaintiffs alleged Mattie had perpetrated a fraud on the court in the 1973 proceeding in that she falsely swore that she had no knowledge of Henderson's whereabouts. They also sought to vacate the probate court's decree on their claim that the property had a value in excess of $2000 at the time of James' death and that James owned other property in Alabama at his death. The matter proceeded to trial by the court ore tenus which found:
 "1. That the evidence fails to sustain the presumption of correctness of the decree of Probate Court of Jefferson County, Alabama, entered on November 15, 1973.
 "2. That the real estate set apart as homestead by the said decree was the only real estate owned by James Hutchins at the time of his death in August 1951.
 "3. That the Plaintiffs have failed to establish that the real estate involved here exceeded $2,000 in value at the time of death of James Hutchins.
 "4. That the evidence fails to sustain the burden of proof that Mattie L. Hutchins had knowledge of the residence address or mailing address of Henderson Hutchins, the son of James Hutchins, at the time she filed her petition for exemptions without administration.
 "5. That, at the time of said hearings and decree before the Probate Court of Jefferson County, the said Court had jurisdiction over Henderson Hutchins by virtue of lawfully published notice to him."
The plaintiffs appealed.
On oral argument in this court, the plaintiffs-appellants challenge, for the first time, the constitutionality of Title 7, § 204, supra, which allows notice by publication where the ". . . address of the defendant is unknown and cannot be ascertained after reasonable efforts . . ." This issue, however, was not raised in the *Page 277 
trial court and cannot be raised for the first time on appeal.Brown v. Robinson, 354 So.2d 272 (Ala. 1977); McWhorter v.Clark, 342 So.2d 903 (Ala. 1977); McDuffie v. Hooper, 294 Ala. 293, 315 So.2d 573 (1975).
The plaintiffs-appellants next urge that the trial court committed clear error in finding Mattie Hutchins did not know the whereabouts of Henderson at the time of her petition in 1973. It is a well-known rule of review that where the trial court makes a factual determination based upon conflicting evidence taken ore tenus, its finding will not be disturbed on appeal unless plainly erroneous or manifestly unjust. White v.White, 350 So.2d 326 (Ala. 1977); Downs v. Downs, 260 Ala. 88,69 So.2d 250 (1953); Stephens v. Stephens, 233 Ala. 178,170 So. 767 (1936).
In Whitfield v. Sanders, 366 So.2d 258 (Ala. 1978), we held that where uncontradicted evidence established that no effort was made to locate the defendant and that his address was easily accessible to the plaintiff, an affidavit claiming no knowledge of his whereabouts was a fraud on the court requiring reversal. Such is not the case here. The testimony here shows that the last contact between Mattie and Henderson was in 1951, when Henderson visited Mattie's residence in Birmingham, Alabama, for the purpose of picking up a floor polisher. He did not attend his father's funeral and Mattie had no contact with him, nor he with her or his father, since the Mid-1940's. There was other evidence that attorney Charles Beavers, Sr. had contacted Henderson by mail in 1964 but that the letter went unanswered. His son, who succeeded him in the law practice, testified that he had searched his father's records and found nothing to indicate that either Mattie or his father knew Henderson's address. There is no evidence to support the contention that Mattie swore falsely in the 1973 affidavit.
We affirm the trial court's decree upholding the action of the probate court in setting aside the property to Mattie.
There was no evidence that James owned any other property in Alabama at the time of his death. There was evidence that this property did not exceed $2000 in value at that time. This evidence justified the probate court's action in setting the homestead aside to Mattie under the law as it existed at James' death. See: Mordecai v. Scott, 294 Ala. 626, 320 So.2d 642
(1975); Nix v. McCoy, 280 Ala. 516, 195 So.2d 893 (1967).
At the time of James Hutchins' death in 1951, the operative statute in effect was Title 7, § 663, Code of Alabama 1940, which stated:
 "When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title of such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not; but the title to the homestead shall not vest absolutely in them as against the other heirs of decedent until it is so set apart and until it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than two thousand dollars; but as against the creditors of decedent, the title of the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by decedent, and that it is of greater value than two thousand dollars, and the homestead secured hereby shall be held and governed as in section 661 of this title."
Under this section, title to the homestead property can be vested only to the widow and minor child or children. This statute was later amended to allow adult children of a decedent to share in the homestead property. Title 7, § 663, Code 1940 (Recompiled 1958). This change, however, came too late to aid Henderson, who was an adult at the time of his father's death and, therefore, not afforded a share of the homestead property under § 663. Finerson v. Hubbard, 255 Ala. 551, 52 So.2d 506
(1951); Keenum v. Dodson, 212 Ala. 146, 102 So. 230 (1924). *Page 278 
As an adult child at the time of his father's death, Henderson is considered, for the purposes of § 663, to be one of the "other heirs of the decedent." Regarding the statutory rights of such persons, the law has been correctly stated inDavis v. Bates, 239 Ala. 214, 216, 194 So. 647, 648 (1940):
 "The grounds and only grounds given to `the other heirs' by the statute on which they may contest the exemptioner's right to have the homestead `so set apart,' is that it exceeded in area one hundred and sixty acres, and in value $2,000 and was not all the real estate owned by such decedent at his death. . . ."
Each of these grounds were considered by the probate court and resolved in Mattie's favor in 1973, and were reconsidered by the circuit court in this case and again resolved in favor of the widow. The evidence supports the decree. It is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.