BRADLEY, Judge.
This appeal is from the granting of a motion for summary judgment in a workmen’s compensation case.
The facts are as follows. Hal Turner was an employee of Birmingham Clay Company on October 30,1975 when he sustained serious injuries to his back and pelvis while operating a lift. Turner was paid temporary total benefits, hospital expenses, and medical expenses up until his death on August 24, 1977. At that time all workmen’s compensation benefits ceased. Birmingham Clay Company and its insurer informed the widow of Hal Turner, Hanna J. Turner, that no further workmen’s compensation benefits would be paid and that she would not be entitled to recover any money.
On December 13,1979 the deceased’s widow filed an action against Turner’s employer and its insurance carrier claiming, in essence, that she had been falsely informed that she was no longer entitled to further benefits and that she was entitled to recover additional compensation benefits. The employer answered the complaint and then filed a motion for summary judgment. At the hearing on the summary judgment motion the court received the deposition of Mrs. Turner, the death certificate for Mr. Turner and certain stipulations of the parties. The motion was granted and Turner appeals.
*857 Mrs. Turner’s first contention is that § 25-5-57(a)(5), Code 1975, which provides for benefits to be paid to dependents of a disabled employee who dies after a disabling injury, is violative of the equal protection clauses of the Alabama and United States Constitutions. This issue was not raised in the trial court and is, therefore, not properly before this court for review. Hutchins v. Shepard, Ala. 370 So.2d 275 (1979).
Mrs. Turner’s final contention is that the trial court committed reversible error by granting the motion for summary judgment. We disagree and affirm.
As noted above, the controlling Code section for the factual situation presented by this case is § 25-5-57(a)(5), Code 1975. Said section provides:
(5) DEATH FOLLOWING DISABILITY. — In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death. If a workman who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee’s surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse and/or dependent children if death had resulted proximately from the injury. Except as provided in this subdivision, no benefits shall be payable on account of death resulting, proximately or not proximately, from an injury on account of which compensation is being paid to an employee.
This section provides that all payments made to an employee who is disabled due to a job-related injury prior to his death shall be deducted from the death benefits his dependents are entitled to receive if his death was proximately related to the disability. The section also provides that if the death is not proximately related to the disability but the degree of disability had been agreed upon by the parties or had been ascertained by the court prior to death, the employee’s dependents shall be entitled to the balance of the payments he would have received.
As to the first situation provided for by § 25-5-57(a)(5), i. e. benefits to be paid where death proximately related to disability, the death certificate shows that Mr. Turner died as a result of metastatic renal cell carcinoma. Mr. Turner’s disability resulted from injuries to back and pelvis.
Mrs. Turner argues that a summary judgment may be granted only when the pleadings, affidavits, depositions, etc., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Birmingham Television Corp. v. Water Works, 292 Ala. 147, 290 So.2d 636 (1974). She says that if there is a scintilla of evidence supporting the position of the party against whom summary judgment is requested, the granting of such judgment is improper. Coggin v. Starke Brothers Realty Co., Ala., 391 So.2d 111 (1980).
Mrs. Turner submits that the following evidence set out in her deposition created a scintilla of evidence that Mr. Turner’s death was job related and, therefore, the summary judgment is erroneous:
Q. What was the cause of Mr. Turner’s death, do you know?
A. Termination bleeding inside.
Q. Bleeding in his artery?
A. Inside, he was changing — terminating bleeding inside.
Q. Do you know whether this had anything to do with the injury at work?
A. Doctor said it did.
*858 A trial court is not bound to consider inadmissible hearsay statements made by a party in a deposition offered in support of or in opposition to a summary judgment. Whatley v. Cardinal Pest Control, Ala., 388 So.2d 529 (1980). Mrs. Turner’s statement in her deposition is hearsay and the trial court was not bound to consider it. Consequently there was no evidence before the court that Turner’s death was proximately related to his disability.
As to the second category of situations provided for in § 25-5-57(a)(5), i. e. death not related to disability but the degree of disability was agreed upon by the parties or ascertained by a court prior to death, there is no evidence in the record upon which a finding could have been made that the degree of disability was either agreed upon by the parties or ascertained by a court prior to death.
For the foregoing reasons, the summary judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.