437 So.2d 1259 (1983)
Oscar H. GREEN and Brenda Green
v.
George Timothy TAYLOR.
82-422.
Supreme Court of Alabama.
September 9, 1983.
Larry R. Grissett of Prestwood, Prestwood & Grissett, Andalusia, for appellants.
Richard W. Vollmer, Jr. and Patricia K. Olney, of Reams, Wood, Vollmer, Philips, Killion & Brooks, Mobile, for appellee.
EMBRY, Justice.
This is an appeal from a dismissal "with prejudice" of an action filed by Oscar and Brenda Green after they failed to appear to give depositions. We affirm.
The Greens filed a complaint charging the J & E Development Company, Inc., acting through and with its agent, George Taylor, wantonly caused a truck to collide with an automobile occupied by Brenda Green. J & E Development moved to dismiss on the grounds that any action the Greens could bring against it was barred by the one-year statute of limitations. The order granting that motion is uncontested on appeal.
The Greens continued to pursue their cause of action against Taylor, but had difficulty in obtaining service of process. The trial court originally granted their motion for service of Taylor by publication. It was, however, later denied when Taylor's insuror, State Farm Mutual Automobile Insurance Company (State Farm), as a real party in interest, requested the trial court's reconsideration. State Farm alleged the Greens had not made a proper attempt at personal service.
Because an appearance had been made by State Farm, the Greens moved for a default judgment against Taylor, alleging he, through State Farm, had made a general appearance which subjected him to the jurisdiction of the court. This motion was denied. Taylor was then served by publication and filed an answer to the Greens' complaint.
Taylor then noticed the oral depositions of Oscar and Brenda Green. When they failed to appear, Taylor filed his motion to strike the complaint and dismiss the action. The motion was granted and the action *1260 dismissed "with prejudice." The Greens appealed and present three issues for our review. The dispositive one is whether the trial court erred in dismissing the Greens' action against Taylor because of their failure to appear for the scheduled depositions.
The trial court clearly had the authority to dismiss under Rule 37(d), ARCP; the Greens do not contest that authority. However, they do contend the trial court abused its discretion in dismissing under the circumstances. We are precluded from review of this issue because the Greens did not present a timely motion, under Rule 60(b), ARCP, to set aside the judgment of dismissal. Neither did they request a rehearing under Rule 59(a)(2), ARCP. Because the trial court did not have an opportunity to review its own decision, we are foreclosed from reviewing it.
This holding is premised upon Wade v. Pridmore, 361 So.2d 511 (Ala.1978). There we held that where a default judgment was taken against the defendant for failure to attend trial, this court could not review the decision to grant a default where no request had been made that the trial court set aside its judgment. There, we stated:
"We opine that a party in default should make a formal motion to set aside a judgment of default. The granting or denying the motion will involve the exercise of the sound discretion of the trial court, and that will be interfered with by an appellate court only where there is an abuse.
"As the judgment by default is a final judgment binding the defendant to the same extent as if the allegations of the complaint had been contested, we cannot reach the issue of whether it was error to deny Wade's summary judgment motion. The order denying the motion was interlocutorynot an appealable order...."
361 So.2d at 513.
The rationale behind the Wade decision and the general rules regarding the necessity for post-trial motions is that, ordinarily, issues not raised before the trial court may not be raised for the first time on appeal. Hutchins v. Shepard, 370 So.2d 275 (Ala. 1979). This principle assures proper development of the record in the court below and places the primary responsibility on the trial judge to determine whether the sanction of dismissal for failure to comply with discovery orders is merited. The procedure affords the trial court, which has a feel of the case, an opportunity to correct its own errors and prevent the hardships of an appeal. Cf. Great Atlantic and Pacific Tea Co., Inc. v. Sealy, 374 So.2d 877 (Ala.1979); State v. Long, 344 So.2d 754 (Ala.1977).
Because the Greens did not timely file a motion to set aside the dismissal of their action, the question of whether the trial court erred in that regard is not properly before us.
Here, as in Wade, other issues presented for our review cannot be considered because they are of an interlocutory character. Those additional issues are: (1) Whether the trial court committed reversible error in granting State Farm's motion to reconsider allowing service of Taylor by publication; (2) Whether the trial court erred in allowing State Farm to enter the case as a real party in interest; and, (3) Whether the trial court erred in denying the Greens' motion for a default judgment against Taylor. As stated, these issues are interlocutory, not appealable, and a review of them was waived by the failure to properly contest the trial court's dismissal, by post judgment motions, of their case.
For the stated reasons, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
While I concur in the result in this case, I think the reasons underlying that result should be more fully explained. The decision in Wade v. Pridmore, 361 So.2d 511 *1261 (Ala.1978), dealt with the failure of the appellants to make a motion to set aside the default judgment before they appealed from that judgment. This Court correctly decided that case based on Rule 55(c), A.R. Civ.P., which specifically deals with the setting aside of default judgments, and the policy behind it. The rule was designed to allow the trial court the opportunity to revise its decision and set aside the default judgment if justice so required, preventing the hardship of an unnecessary appeal. Cf. Great Atlantic and Pacific Tea Co., Inc. v. Sealy, 374 So.2d 877 (Ala.1979). If the trial court refused to set aside the default judgment, then there would be a fully developed record in the court below, and that would enable this Court to make an informed decision as to whether the trial court erred. Without the subsequent hearing on the motion to set aside the default, the record on review before this Court would obviously be incomplete as it would only reflect the position of the party moving for default.
For the same reasons, the result reached by the majority in this case is correct. The dismissal for failure to comply with the discovery rules occurred after something less than a full hearing. Failure of the appellants here to move to set aside the dismissal under Rule 60(b), A.R.Civ.P., prevents the trial court from correcting its decision and deprives this Court of a fully developed record from which to decide whether the trial court abused its discretion.