While I concur in the result in this case, I think the reasons underlying that result should be more fully explained. The decision in Wade v. Pridmore, 361 So.2d 511 *Page 1261 
(Ala. 1978), dealt with the failure of the appellants to make a motion to set aside the default judgment before they appealed from that judgment. This Court correctly decided that case based on Rule 55 (c), A.R.Civ.P., which specifically deals with the setting aside of default judgments, and the policy behind it. The rule was designed to allow the trial court the opportunity to revise its decision and set aside the default judgment if justice so required, preventing the hardship of an unnecessary appeal. Cf. Great Atlantic and Pacific Tea Co.,Inc. v. Sealy, 374 So.2d 877 (Ala. 1979). If the trial court refused to set aside the default judgment, then there would be a fully developed record in the court below, and that would enable this Court to make an informed decision as to whether the trial court erred. Without the subsequent hearing on the motion to set aside the default, the record on review before this Court would obviously be incomplete as it would only reflect the position of the party moving for default.
For the same reasons, the result reached by the majority in this case is correct. The dismissal for failure to comply with the discovery rules occurred after something less than a full hearing. Failure of the appellants here to move to set aside the dismissal under Rule 60 (b), A.R.Civ.P., prevents the trial court from correcting its decision and deprives this Court of a fully developed record from which to decide whether the trial court abused its discretion.