SHORES, Justice.
This is an appeal from an order dismissing plaintiff’s action after the plaintiff had failed to comply with two different orders to produce. The complaint was filed in July 1984. The defendants sought discovery in December 1984, and began actively seeking compliance with the discovery requests in January 1985. They filed two motions to compel, and finally sought sanctions under A.R.Civ.P. 37(d). The trial was delayed after two trial dates had been set, because the plaintiff had failed to comply with the court’s order to comply with defendants’ discovery motions. Finally, the court entered its judgment dismissing the complaint. We affirm on the authority of Green v. Taylor, 437 So.2d 1259, 1260 (Ala.1983), where we wrote:
“The trial court clearly had the authority to dismiss under Rule 37(d), ARCP; the Greens do not contest that authority. However, they do contend the trial court abused its discretion in dismissing under the circumstances. We are precluded from review of this issue because the Greens did not present a timely motion ... to set aside the judgment of dismissal. Neither did they request a rehearing under Rule 59(a)(2), ARCP [more appropriately Rule 59(e) ARCP]. Because the trial court did not have an opportunity to review its own decision, we are foreclosed from reviewing it.
“This holding is premised upon Wade v. Pridmore, 361 So.2d 511 (Ala.1978). There we held that where a default judgment was taken against the defendant for failure to attend trial, this court could not review the decision to grant a default where no request had been made that the trial court set aside its judgment. There, we stated:
“ ‘We opine that a party in default should make a formal motion to set aside a judgment of default. The granting or denying the motion will involve the exercise of the sound discretion of the trial court, and that will be interfered with by an appellate court only where there is an abuse.
[[Image here]]
“361 So.2d at 513.
“The rationale behind the Wade decision and the general rules regarding the necessity for post-trial motions is that, ordinarily, issues not raised before the trial court may not be raised for the first time on appeal. Hutchins v. Shepard, 370 So.2d 275 (Ala.1979). This principle assures proper development of the record in the court below and places the primary responsibility on the trial judge to determine whether the sanction for dismissal *6 for failure to comply with discovery orders is merited. The procedure affords the trial court, which has a feel of the case, an opportunity to correct its own errors and prevent the hardships of an appeal. Cf. Great Atlantic and Pacific Tea Co., Inc. v. Sealy, 374 So.2d 877 (Ala.1979); State v. Long, 344 So.2d 754 (Ala.1977).
“Because the Greens did not timely file a motion to set aside the dismissal of their action, the question of whether the trial court erred in that regard is not properly before us.”
The reason for the rule was further illuminated by the Chief Justice’s specially concurring opinion in Green, where he said:
“The decision in Wade v. Pridmore, 361 So.2d 511 (Ala.1978), dealt with the failure of the appellants to make a motion to set aside the default judgment before they appealed from that judgment. This Court correctly decided that case based on Rule 55(c), A.R.Civ.P., which specifically deals with the setting aside of default judgments, and the policy behind it.[1] The rule was designed to allow the trial court the opportunity to revise its decision and set aside the default judgment if justice so required, preventing the hardship of an unnecessary appeal. Cf. Great Atlantic and Pacific Tea Co., Inc. v. Sealy, 374 So.2d 877 (Ala.1979). If the trial court refused to set aside the default judgment, then there would be a fully developed record in the court below, and that would enable this Court to make an informed decision as to whether the trial court erred. Without the subsequent hearing on the motion to set aside the default, the record on review before this Court would obviously be incomplete as it would only reflect the position of the party moving for default.
“For the same reasons, the result reached by the majority in this case is correct. The dismissal for failure to comply with the discovery rules occurred after something less than a full hearing. Failure of the appellants here to move to set aside the dismissal under Rule 60(b), A.R.Civ.P., prevents the trial court from correcting its decision and deprives this court of a fully developed record from which to decide whether the trial court abused its discretion.”
437 So.2d at 1261.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS, and STEAGALL, JJ., concur.

. Rule 55(c), A.R.Civ.P., was amended in 1984 after Green was decided. The Committee comments address the court’s authority under that rule:
"Under Rule 55(c) as originally promulgated, the trial court had 30 days from the date of a default judgment in which to set it aside; if the court took no action within that period, then the more rigid requirements of Rule 60(d) [60(b) ] governed an attempt to set aside the default judgment. Wiggins v. Tuscaloosa Warehouse Groceries, Inc., 396 So.2d 91 (Ala.1981). The amendment of March 1, 1984, continues the power of the court to set aside a default judgment within 30 days on its own motion, but it is intended to insure also that when a party has filed a motion for relief from default judgment, the court can act on the motion beyond the 30 days, so long as the motion is filed within 30 days after the entry of the default judgment. See also the corresponding amendment to Rule 59.1, which expressly places Rule 55(c) motions to set aside default judgment within the 90-day limitation of Rule 59.1. Thus, the effect of these two amendments is that a Rule 55(c) motion to set aside a default judgment can be ruled upon beyond the 30 days, but if not ruled upon within the 90 days allowed by Rule 59.1, will be deemed denied at the end of the 90-day period."