SHORES, Justice.
Betty Spiers filed a complaint alleging wrongful death of her newborn child and medical malpractice against Dr. Robert Flowers in his treatment of her during her pregnancy. (She dismissed her earlier claims against E.R. Squibb & Sons, Inc., a drug manufacturer; and Albertson’s, Inc., a retail drug store, leaving Dr. Flowers as the sole defendant.) She filed her complaint in the Circuit Court of Montgomery County. She alleged that Dr. Flowers had committed medical malpractice by prescribing the drugs Progesterone and Delalutin and that those drugs had caused the death of her daughter, who was born prematurely with severe birth defects and died three hours after birth.
Mrs. Spiers amended her complaint to include a claim for damages due to emotional distress and mental anguish. The case was transferred, without objection, to *1270 Houston County, the residence of both parties.
The case came to trial. At the close of the plaintiffs evidence and on motion of the defendant, the trial judge directed a verdict in favor of the defendant on the wrongful death claim and the medical malpractice claim. The record reflects that the plaintiff rested her case without presenting any expert testimony on the standard of care to support her claim of medical malpractice. The plaintiff presented testimony from a pediatrician, Dr. Robert Head, who testified that Progesterone and Delalutin had nothing to do with the birth defects that caused the death of her child. No motion for directed verdict was filed by the plaintiff as to .any count of her complaint.
The case proceeded to the jury on the issue of whether the plaintiff was entitled to recover for emotional distress and mental anguish. The jury returned a verdict in favor of the defendant, Dr. Flowers. The plaintiff filed no post-trial motions.
The plaintiff raises two issues on appeal. First, she argues that the trial court erred to reversal in admitting the medical records of Dr. Paul Flowers, the father of the defendant, for impeachment purposes. On appeal, the plaintiff argues that these records were hearsay and therefore inadmissible. However, the plaintiff objected to the admission of these records at trial on the grounds that they were irrelevant and immaterial, not on hearsay grounds. The trial judge admitted the records solely for impeachment purposes.
This Court will not reverse the judgment of the trial court on a ground raised for the first time on appeal. Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988). An appellant has an affirmative duty to show error on the record. Tucker v. Nichols, 431 So.2d 1263, 1264 (Ala.1983). Even though the plaintiff failed to preserve her objection, it is clear that these records were admissible for impeachment purposes, since the plaintiff in her testimony had denied the contents of these records.
The second issue raised by the plaintiff is the question of the sufficiency of the evidence. However, the plaintiff did not preserve this issue on appeal by filing a motion for a directed verdict or a motion for JNOV or for a new trial. The rule is clearly stated in Vaughan v. Wann, 502 So.2d 760 (Ala.1987):
“The only way to preserve the question of the sufficiency or weight of the evidence for review on appeal is to raise it in a motion for a new trial. State v. Long, 344 So.2d 754 (Ala.1977); Francis v. Tucker, 341 So.2d 710 (Ala.1977).”
502 So.2d 760 at 761. K-Mart Corp. v. Butler, 486 So.2d 426 (Ala.1986). Therefore, we cannot review the sufficiency of the plaintiffs evidence.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.