L. CHARLES WRIGHT, Retired Appellate Judge.
In April 1990 the wife filed an action for divorce in the Circuit Court of Dale County. The husband, a resident of Puerto Rico, was served with the complaint by certified mail. The husband’s Puerto Rican attorney filed a timely answer. The record reflects that a hearing was held on August 16, 1990 and that the husband’s attorney was given proper notice. The husband did not appear at the hearing. On August 23, 1990 the trial court entered a judgment by default against the husband. The judgment divorced the parties, divided their property, awarded custody of the children to the wife, and ordered the husband to pay child support. On October 4, 1990 the husband filed notice of appeal.
The husband asserts that the default judgment should be set aside because his Puerto Rican attorney was not authorized to practice law in Alabama. The husband did not file a motion to set aside the default judgment in the trial court. Where a default judgment is taken against a party for failure to attend trial, this court cannot review the decision to grant the default where no request has been made for the trial court to set aside its own judgment. Green v. Taylor, 437 So.2d 1259 (Ala.1983); Wade v. Pridmore, 361 So.2d 511 (Ala. 1978).
Because the husband did not file a timely motion to set aside the default judgment, the question of whether the trial court erred in that regard is not properly before us. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.