PITTMAN, Judge.
The Montgomery. Circuit Court (“the trial court”) entered a default judgment against Reba Aguado and in favor of an entity referred to as the Alabama Home Builders Self Insurance Fund (“the fund”). Aguado appeals. We affirm.

Procedural History

On February 12, 2015, the fund sued Aguado, who apparently operates a masonry business, asserting that she had agreed to become a member of the fund, that she had agreed to make contributions to the fund, that she had defaulted on the terms of her agreement, and that she owed the fund $56,440. In addition to requesting a judgment in that amount, the fund also requested the trial court to award the fund interest and attorney’s'fees.
It is undisputed that Aguado was served with the summons and complaint on February 18, 2015. The fund moved for a default judgment after Aguado failed to timely answer the complaint. The trial court entered a default judgment against Aguado in the amount of $75,852.58, which included the principal amount allegedly owed, plus interest and attorney’s fees.
Aguado, acting pro se, filed a notice of appeal without having requested the trial court to set aside or otherwise grant her relief from the default judgment. Our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
, Thereafter, Aguado requested and received leave from this court to file a motion with the trial court for relief from the judgment pursuant to Rule 60(b), Ala, R. Civ. P.;This court,.however, denied Agua-do’s motion to stay this appeal pending resolution of Aguado’s Rule 60(b) motion.

Discussion

Aguado makes arguments, primarily based on Kirtland v. Port Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), as to why. the trial court should have granted her relief from the default judgment. As noted, however, when Aguado filed her notice of appeal, Aguado had not requested the trial, court to grant her relief from that judgment. Thus, before she appealed, Aguado had not made any arguments to the trial court based on Kirtland or any other authority. Appellate courts cannot consider arguments raised for the first time on appeal; appellate review is restricted to the evidence and the arguments considered by the trial court. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). See also Torres Ralon v. Diaz Melendez, 579 So.2d 1372, 1373 (Ala.Civ.App.1991) (refusing to review a trial court’s decision to enter a default judgment when the trial court had not be requested to set aside that judgment).
Aguado also requests this court to treat her appeal as a petition for a writ of mandamus and to direct the trial court to rule upon Aguado’s Rule 60(b) motion for relief from the default judgment. She relies on Ex parte Gamble, 709 So.2d 67, 69 (Ala.Civ.App.1998), for the proposition that this court will treat an appeal as a mandamus petition and will issue the writ in order to prompt a trial court to rule on a *108 pending Rule 60(b) motion for relief from a judgment.
In Gamble, however, when the relevant notice of appeal was filed, the trial court had made it clear, in response to a specific request for a ruling on the pending Rule 60(b) motion, that it considered that motion moot and that it would not rule on it. This court deemed it appropriate to treat the appeal as a petition for a writ of mandamus and to direct the trial court to rule on the Rule 60(b) motion. In the present case, Aguado filed her notice of appeal before she ever requested from the trial court relief under Rule 60(b). We have not been presented with an indication, like that present in Gamble, that the trial court in this case has refused to rule on Agua-do’s Rule 60(b) motion. Considering the specific procedural posture of this case, we decline to treat the present appeal as a petition for a writ of mandamus.[1]
Although we affirm the trial court’s judgment, we express no opinion on the merits of Aguado’s Rule 60(b) motion for relief from that judgment. We leave it to the trial court to rule on that motion in the first instance.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Aguado asks this court to issue a writ of mandamus directing the trial court to grant her Rule 60(b) motion. Even the court in Gamble, however, made clear that it would not express an opinion on the merits of the pending Rule 60(b) motion. 709 So.2d at 70 ("In [granting the petition for the writ of mandamus], we expressly disavow any opinion concerning whether Gamble's motion should or should not be granted-”).