Irvin J. PARKER, Appellant,

v.

AMERICAN OIL COMPANY, Appellee.

No. 20703.

United States Court of Appeals
Fifth Circuit.

Feb. 4, 1964.

John F. Caraway, New Orleans, La., for appellant.

Charles E. Lugenbuhl, New Orleans, La., Lemle & Kelleher, New Orleans, La., of counsel, for appellee.

Before BROWN and WISDOM, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

This action for recovery of damages under both the Jones Act and General Maritime Law on the theory of unseaworthiness was tried to a jury, which found for the defendant Oil Company. During the course of the trial, appellant's counsel made no objection to any of the charges given by the trial judge; there was no motion for a new trial made, and there was no motion for judgment notwithstanding the verdict. Appellant now asks this Court to test the evidence for sufficiency, his real complaint being that the jury made the wrong finding in returning a verdict for the Oil Company. The rule in this Court for many years prohibits such a review. As Judge Rives stated in Whiteman v. Pitrie, 5 Cir., 220 F.2d 914, in response to a request of this Court by appellant to review the verdict of a jury where appellant had failed to make the required motions, as the appellant here did:

> "There was no motion for a directed verdict, and the third specification may be shortly answered by saying that we are without power to consider directly whether 'the jury erred.' 5 Moore's Federal Practice, 2nd ed., Para. 50.05(1), pp. 2322, 2323."

The rule which denies appellant the right to relief in this Court under the circumstances here presented is stated most succinctly by Professor Moore in the section designated by Judge Rives in the Whiteman v. Pitrie case, as follows:

> "For the purposes of appeal, a motion for a directed verdict is necessary to raise the legal question as to whether the case should have been submitted to the jury. Whether the

988

verdict is authorized by the evidence is a question which should be raised at the trial. If the sufficiency of the evidence goes unchallenged, no error on appeal can be attributed to the trial judge for submitting the case to the jury, for federal appellate courts do not directly review jury verdicts, but only rulings of the judge which may have affected the verdict. In this respect, it may be said that the necessity of a motion for a directed verdict, to raise the legal question as to the sufficiency of the evidence, is emphasized under the new Rules. The fact that the trial judge had refused to direct a verdict for defendants did not excuse plaintiffs from moving for directed verdict in order to preserve for appeal the question of the sufficiency of evidence to compel a verdict in their favor."

The judgment of the lower court is Affirmed.