**DELCHAMPS, INC., a corporation, Plaintiff-Appellee,**

v.

**Alvin J. BORKIN et al., Defendant-Appellant.**

**No. 29231**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 28, 1970.

418

---

Alvin Miller, New York City, Herbert Feibelman, Mobile, Ala., for appellant.

Donald F. Pierce, Stephen G. Crawford, Mobile, Ala., for appellee; Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., of counsel.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ This is an appeal [1] from a judgment in the district court which held Alvin J. Borkin, president of Sales Charmers, Inc., personally liable on a contract entered into between Sales Charmers and appellee, Delchamps, Inc. Borkin's main contention is that there was insufficient evidence to establish him as the alter ego of Sales Charmers and thereby justify the piercing of the corporate veil.[2] We affirm.

■ Although Borkin now raises the issue of the sufficiency of the evidence, such question was not preserved by motion for directed verdict nor by motion for judgment notwithstanding the verdict. It is well settled that in the absence of a motion for judgment notwithstanding the verdict made at trial this Court cannot examine the evidence for sufficiency, Parker v. American Oil Co., 5 Cir. 1964, 327 F.2d 987, nor enter such a judgment. Johnson v. New York, New Haven & Hartford R. Co., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952).

■ A brief summary of the evidence should serve to demonstrate that even if the question had been properly preserved for our review, we, nevertheless, would still be compelled to affirm the lower court.

Mr. Borkin was in the sales promotion business. He was the owner or principal owner, director and officer of several corporations in this field including Sales Charmers, Inc., of which he owned 90% of its stock and was its president. Others were Money Tree, Incorporated, and Sac-A-Dough, Inc., each having been set up to advance a particular sales promotion idea, as was Sales Charmers. Each of these corporations had as its address the same office in New York City, which Borkin rented from his attorney and from which he conducted other business activities.

At trial appellee attempted to show that Borkin treated the various corporations as his own private business rather than separate corporations. Evidence was presented that Borkin hired a Mr. Johnson as salesman for several of the corporations and that Mr. Johnson, at the time of his hiring, assumed he was working for Borkin individually; that Borkin provided Johnson with credit cards of Sales Charmers and at least one other sales promotion corporation and that the cards were used interchangeably regardless of which corporation's business was being transacted. There was also evidence that Borkin made most of the policy decisions of the various corporations and that any policy determinations by others had to have his ap-

---

1. Pursuant to our Local Rule 18 we decide this case without oral argument.

2. Delchamps argued successfully at trial that Borkin governed and controlled the activities and affairs of Sales Charmers to the extent that there was such unity of interest and ownership between them that Borkin was the alter ego of Sales Charmers and should therefore be liable on its contract with Delchamps.

proval. Additionally, Mr. Delchamps, president of Delchamps, Inc., testified that Mr. Borkin made a proposal to cancel the debt owed by Sales Charmers to Delchamps by providing Delchamps with another sales promotion program offered by one of his other corporations.

On the other hand, Borkin points to his own testimony that he was not the sole stockholder, that he was not the sole or controlling director, and that although he was president of Sales Charmers he did not control the affairs of that corporation.

In light of the above, the question of Borkin's liability on the contract with Delchamps was properly submitted to the jury by the trial judge. Certainly the evidence here does not point overwhelmingly in favor of Borkin but rather is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365.

Affirmed.