**STATE of Delaware**

v.

**Sadie KATZ.**

Superior Court of Delaware, New Castle.

Jan. 25, 1971.

Jerome O. Herlihy, Chief Deputy, Atty. Gen., Public Building, for the State.

Joseph J. Longobardi, Jr., Wilmington, Michael J. Brown, Buffalo, N. Y., for defendant.

## OPINION ON DEFENDANT'S MOTION TO DISMISS THE INFORMATION

BIFFERATO, Judge.

The matter before the Court is on alleged violation of 11 Del.C. § 711[1] by the defendant Sadie Katz.

The facts in the case are these. Defendant Sadie Katz was operating a book stand at the New Castle Farmers Market on February 21, 1969. On that day two officers of the Delaware State Police entered the premises and purchased from the defendant four magazines. The magazines are *Sundisk 2, Dynamic Films, French Frills* and *Nylon Jungle*. The officers then left the store, examined the purchased articles and decided that they were obscene under the Delaware statute, 11 Del.C. § 711. They then reentered the Farmers Market and arrested the defendant.

Defendant has moved to suppress evidence siezed at the time of her arrest, and for dismissal of the information on various grounds. The Attorney General's Office has agreed that the magazines, books, etc., seized incident to defendant's arrest are not admissible against her. The complaint has been amended to allege knowledge of the contents of the magazines sold to the police officers and that ground for dismissal is now moot. The only issue now before the Court is defendant's motion to dismiss the information.

1. 11 Del.C. § 711 provides *inter alia:*
"Whoever sells * * * any obscene, lewd, lascivious, filthy, indecent book, magazine, pamphlet * * *

"Shall be fined not less than $250 nor more than $2,500 or imprisoned for not less than 30 days nor more than 3 years, or both."

It has been advanced that the information should be dismissed because the magazines sold are not hard-core pornography and are hence protected by the first amendment guarantees. It has also been argued that since there was no adversary proceeding which determined that these magazines were obscene before the arrest, that the arrest was unlawful. It is also urged that the Court should find 11 Del.C. § 711 to be unconstitutional.

█ It is the position of the Court that this case must be decided on the sole issue of the legal obscenity of the magazines at issue. If indeed these magazines are hardcore pornography and not entitled to first amendment protection the arrest made by the police officers was valid as they were indeed witness to the occurrence of the crime.

It is urged by the defendant that police officers cannot be entrusted to decide whether or not a given book is obscene or hard-core pornography. It is advanced that there must be an adversary proceeding which determines the material to be obscene before a lawful arrest can be made. The cases cited in support of that proposition do not seem to be on point. It is apparently the law that such a hearing must take place before any materials can be seized or suppressed. See Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed. 2d 1127 (1961); Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). That is not the case before this Court. We have an arrest made by police officers after the purchase of several magazines. The lawfulness of that arrest does not depend upon such an adversary proceeding taking place before the arrest is made. The defendant has the opportunity to raise the question of the obscenity or lack thereof at her trial or before that trial as she is now doing.

█ The lawfulness of the arrest, however, does depend upon the facts being as the police officers perceived them to be, i. e., that the magazines which they purchased were obscene legally. While the Court would tend to agree that these magazines are definitely obscene, it is also convinced that they are entitled to first amendment protection.

This decision is based upon the Supreme Court decision in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967) and its progeny.[2] This Court is not sure under these recent cases what if anything is to be considered the "hard-core" pornography which Mr. Justice Stewart feels you will know when you see it. It is apparently only that type of obscenity

---

2. See, for example, Ratner v. California, 388 U.S. 442, 87 S.Ct. 2092, 18 L.Ed.2d 1304 (1967); Cobert v. New York, 388 U.S. 443, 87 S.Ct. 2092, 18 L.Ed.2d 1305 (1967); Aday v. United States, 388 U.S. 447, 87 S.Ct. 2095, 18 L.Ed.2d 1309 (1967) rev'g United States v. West Coast News Co., 357 F.2d 855 (6th Cir. 1966); I. M. Amusement Corp. v. Ohio, 389 U.S. 573, 88 S.Ct. 573, 19 L.Ed.2d 776 (1968); Robert-Arthur Management Corp. v. Tennessee, 389 U.S. 578, 88 S.Ct. 691, 19 L.Ed.2d 777 (1968); Walker v. Ohio, 398 U.S. 434, 90 S.Ct. 1884, 26 L.Ed.2d 385 (1970); Cain v. Kentucky, 397 U.S. 319, 90 S.Ct. 1110, 25 L.Ed.2d 335 (1970); and especially Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970). All of these Supreme Court cases reverse lower court decisions, and grant protection to certain materials.

Citing only Redrup v. New York, supra, these materials granted constitutional protection range from ordinary girly magazines in Conner v. City of Hammond, 389 U.S. 48, 88 S.Ct. 234, 19 L.Ed.2d 47, and a book entitled Sex Life of a Cop, in *Aday*, supra (see description of this book in United States v. West Coast News Co., 357 F.2d 855, 857–858 (6th Cir. 1966), to films portraying lesbians in *I. M. Amusement Corp.*, supra, and female masturbation in Pinkus v. Pitchess, 429 F.2d 417 (1st Cir. 1970) rev'g People v. Pinkus, 256 Cal.App.2d Supp. 941, 63 Cal.Rptr. 680 (1967). It should be noted that in some cases the Supreme Court has denied certiorari, e. g., G. I. Distributors, Inc. v. New York, 389 U.S. 905, 88 S.Ct. 218, 19 L.Ed.2d 219 (1967), Justice Douglas wanted to grant certiorari and reverse based on *Redrup*, supra.

which has no protection under the first amendment. And since *Redrup*, supra, and the line of cases based upon that decision, it is likely that even the worst hard-core pornography would be entitled to protection unless it was pandered. Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed. 2d 31 (1966), sold to children, Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968), or sold in such a way that it was thrust upon people who could not avoid being exposed to it, *Redrup*, supra.

This Court may not know what kind of material would be so hard core as to be deprived of constitutional protection, but it does know that materials far worse than the girly magazines at issue here, have been held by the Supreme Court to be constitutionally protected. In the whole line of decisions cited in footnote 2 the Supreme Court has seemed to act as a censor reviewing the materials and deciding, presumably under the test of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), whether or not they were protected. In so doing the Court has identified certain things which are not legally obscene. On the basis of those decisions and not finding any of the factors mentioned in *Redrup*, supra, to be present, this Court is bound to hold that these magazines are entitled to constitutional protection.

Defendant's motion to dismiss is granted.