George Malloy brought an action against The Housing Authority of the City of Prichard *Page 709 
for breach of an employment contract. Damages sought were:
1) $3,662.26 for transitional expenses incurred in moving from Massachusetts to Alabama; and
2) $14,555.31 for the balance remaining on the one-year employment contract.
The Housing Authority admitted in its closing argument liability for part of the moving expenses. Thus, on this portion of the claim, the amount of damages was the only question submitted to the jury. The jury returned a verdict setting damages at $15,826.62.
At the end of Malloy's presentation of testimony and at the end of all the testimony, The Housing Authority moved for a directed verdict, which was denied by the trial Court. After the verdict was returned, appellant moved for a judgment notwithstanding the verdict or for a new trial, which the trial Court also denied. The only issues raised on appeal are the trial Court's denial of these motions.
The Housing Authority states the issues here presented:
"1. The trial court erred in denying the Appellant's Motion for Directed Verdict at the conclusion of the Plaintiff's case.
"2. The trial court erred in denying the Appellant's Motion for Directed Verdict at the conclusion of all the evidence.
"3. The trial court erred in not granting Appellant's Motion for Judgment Notwithstanding the Verdict or Motion for New Trial."
Because the pivotal point on which our holding turns is the procedural posture of the case, we review in some detail the context in which The Housing Authority's motions were made and overruled by the trial Court. As previously noted, Malloy's claim was twofold:
1) He sought damages for moving and transitional expenses; and
2) He claimed the balance remaining on an alleged one-year employment contract. At the close of the plaintiff's case, and again at the close of all the evidence, The Housing Authority moved in writing for a directed verdict. While the motion contained several grounds, it was a general motion in that it was directed to the case in its entirety and did not move for directed instructions on each of the individual issues.
During oral argument to the jury, counsel for The Housing Authority conceded that his client owed Malloy the reasonable transitional expenses incurred in moving from Massachusetts to Alabama. Thus, one of Malloy's two claims (though not the amount of the claim) was confessed. Thereupon, as part of the trial Judge's oral charge, he directed the jury to return a verdict for Malloy in an amount which it found to be reasonable under the evidence for moving expenses and left discretionary with the jury, under appropriate instruction, any additional damages for breach of the alleged contract of employment. No additional written instructions were requested separating the two claims for damages, and no objection was made to the Court's oral charge.
It would have been improper for the trial Court to grant The Housing Authority's motion for a directed verdict for the obvious reason that it would have been in diametric opposition to the Court's directed verdict for a portion of Malloy's claim — a claim which the Housing Authority expressly admitted. The trial Judge could not, on the one hand, direct the jury to render a verdict for The Housing Authority on the case in its entirety (which was the only motion before him), and, on the other hand, direct the jury to render a verdict for Malloy as to a portion of his claim (which was uncontested except as to the amount).
Of particular interest, here, is the case of Rochester CivicTheater, Inc. v. Ramsay, 368 F.2d 748 (8th Cir. 1966). The holding of Rochester, to which we subscribe, is that a general motion for a directed verdict, pursuant to Rule 50, can only go to the case in its entirety, and not to individual subdivisions; and, to preserve individual issues, a motion must be made for a verdict directing instruction on each of the *Page 710 
individual issues. See also Wright Miller, Federal Practiceand Procedure: Civil § 2533, p. 579, Vol. 9.
The Housing Authority's motion for judgment n.o.v. (Rule 50 (b), ARCP) treats the motion for directed verdict in no different posture than when originally presented. In other words, if the motion for directed verdict was properly overruled when made at the close of the evidence, it was also proper to deny the motion for judgment n.o.v. The office of a motion for judgment n.o.v. is made clear in the opening sentence of Rule 50 (b):
 "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion."
The second sentence of Rule 50 (b) —"Not later than 30 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict;" — necessarily contemplates, for the motion to be granted, that the motion for a directed verdict properly should have been granted in the first instance. The reservation in the opening sentence of subdivision (b) of the Rule for "later determination of the legal questions raised by the motion" for a directed verdict cannot reposture these legal questions. They must be treated as first raised. Where, as here, it would have been error for the trial Court to grant the motion for a directed verdict, likewise, it would have been error to grant the motion for judgment n.o.v.
Moreover, the only ground for The Housing Authority's Motion for Judgment Notwithstanding the Verdict or in the Alternative for New Trial which is here argued is that the trial Court erred in denying The Housing Authority's Motion for a Directed Verdict. Because both motions stand on the same footing, and — for the reasons stated — it would have been error to grant the motion for directed verdict when made at the close of all evidence, the trial Court's rulings denying both motions are affirmed.
AFFIRMED.
BLOODWORTH, SHORES, and EMBRY, JJ., and SIMMONS, Retired C.J., sitting by designation of the Chief Justice, concur.