Defendant/appellant, The Great Atlantic and Pacific Tea Company, Inc. (A P) appeals from a jury verdict awarding the plaintiff/appellee, James Sealy, $185,000 as compensation for property damage and personal injuries which he alleged were proximately caused by the negligence of a truck driver employed by A P in parking an A P truck on a paved improved shoulder of a busy street within the police jurisdiction of Mobile, Alabama. A P contends the trial judge should have directed a verdict in its favor because the evidence was insufficient, as a matter of law, to prove its truck driver's negligence was the proximate cause of Sealy's injuries. A P also asserts the trial court committed reversible error in charging the jury concerning the Traffic Code of the City of Mobile. Sealy asserts that the issue of the sufficiency of the evidence is not before this court, because A P failed to timely file a motion for J.N.O.V. Sealy also contends the trial court improperly reduced the jury award by $10,000 and requests this court to issue a writ of mandamus demanding the trial judge to reinstate the original verdict. We hold that the original verdict should be reinstated, and should the trial court fail to reinstate it on the basis of this decision, a writ will be issued to effectuate this decision upon the request of Sealy. We affirm the judgment as it will be corrected to reflect the original jury verdict.
Sealy began this action against Elizabeth Hagler and Kermit Phillip Hagler, claiming damages in the amount of $150,000 for personal injuries and property damage resulting from the negligent operation of an automobile by Elizabeth Hagler.
Sealy subsequently added A P as party defendant and amended his complaint to add two additional counts, count two and count three. Count two alleged negligence on the part of the defendant, A P, in causing or allowing one of its trucks to be illegally or improperly parked so as to cause an obstruction to the vision of both Sealy and Elizabeth Hagler. The obstruction was alleged to be a proximate and contributing cause of the collision which injured Sealy. Count three alleged wanton conduct on the part of A P.
Prior to trial, Sealy and the Haglers agreed to a pro tanto
settlement of $10,000. Pursuant to that agreement, the trial court entered an order of dismissal with prejudice of Sealy's claim against the Haglers. Sealy again amended his complaint, increasing the ad damnum clause to $350,000.
The case proceeded to trial against A P. At the close of plaintiff's evidence, A P filed a written motion for directed verdict which was denied as to Sealy's simple negligence claim but granted as to his wantonness claim. After conclusion of the trial, the jury returned a verdict in the amount of $185,000 and judgment was entered in that amount on that same day. A P did not file a motion to alter or amend the judgment within the prescribed thirty day period. Thirty-three (33) days after entry of judgment, A P filed motion for a judgment N.O.V. or in the alternative for a new trial. Both were denied.
Forty-two (42) days after entry of judgment, A P's counsel orally requested the trial court to amend the judgment. Thereupon, the trial court entered an order reducing the judgment to $175,000.[1] Sealy was not given notice or a hearing regarding A P's request.
This case concerns a vehicular accident which occurred 30 July 1976 on U.S. Highway 90 (Alabama Highway 16) in an unincorporated community within the police jurisdiction of Mobile, Alabama. It involved three vehicles: plaintiff Sealy's motorcycle; a tractor-trailer rig owned by A P, and an automobile driven by Elizabeth Hagler. *Page 880 
As mentioned earlier, the accident occurred on U.S. Highway 90 (also Alabama Highway 16) which runs in a east-west direction. At the point of impact of Sealy's motorcycle and Hagler's car there are two lanes for traffic proceeding east and two for that proceeding west. The highway is divided by a median. The impact occurred on the north side of the highway which contains, in addition to the two lanes for through traffic, a left turn lane and an improved, paved, shoulder which is often used as a right turn lane into a shopping center.
At the time of the accident, Sealy was proceeding west at approximately 30 miles per hour. The A P truck was parked on the improved shoulder about fifteen feet east of a private entrance road to a shopping center, was unoccupied, and had been parked on the shoulder while the driver was at a Pitt Grill restaurant. The evidence tends to show the A P truck severely blocked the vision of drivers attempting to exit the shopping center.
At the time of the accident, Mrs. Hagler was attempting to exit the shopping center and proceed east on Highway 90. She testified the A P truck did partially block her vision of westbound traffic. She pulled into the westbound lanes of Highway 90, and Sealy's motorcycle impacted with her car causing him severe injuries. Mrs. Hagler testified by deposition that she never saw Sealy or his motorcycle until the impact. Sealy testified he did not see Mrs. Hagler's vehicle until immediately before he crashed into it. The evidence indicated traffic was heavy on both Highway 90 and the shopping center exit road at the time of the accident.
 I
A P urges this court to reverse on the ground that the trial court committed reversible error in denying its motion for a directed verdict at the close of Sealy's evidence. In essence, A P is asking us to examine the sufficiency of the evidence. This we cannot do because A P did not properly move for a judgment notwithstanding the verdict within the prescribed thirty day period. Failure to make a timely motion for J.N.O.V. waived any right A P had to attack the sufficiency of the evidence on appeal.
Under Rule 50 (b), ARCP, a party who has moved for a directed verdict may move for a judgment notwithstanding the verdict no later than 30 days after the entry of judgment. This time period cannot be extended. Rule 6 (b), ARCP. In this case A P made its motion for J.N.O.V., and in the alternative for a new trial, thirty-three days after entry of judgment; therefore, the motion for J.N.O.V. was not properly before the trial court, could not be considered by it, and was barred by a time limit that could not be enlarged. Wright and Miller, FederalPractice and Procedure, § 2537. As a result of the running of the thirty day time period, A P could not attack the sufficiency of the evidence by post-trial motion which is, in effect, a renewal of its motion for directed verdict. See Rule 50 (b) ARCP, and Housing Authority of City of Prichard v.Malloy, 341 So.2d 708 (Ala. 1977).
Whether A P can now attack the sufficiency of the evidence on appeal by asserting as error the trial court's denial of its timely motion for directed verdict is an issue that has not been heretofore addressed by this court but has been by the federal courts, in particular, the Fifth Circuit. Since Rule 50 (b), ARCP, is almost identical to Rule 50 (b), FRCP, we elect to follow the Fifth Circuit decisions and hold that a timely post-trial motion for judgment notwithstanding the verdict is necessary to permit an appellate court to consider the sufficiency of the evidence. University Computing Co. v.Lykes-Youngstown Corp., 504 F.2d 518 (1974); Porter v. Eckert,465 F.2d 1307 (1972); Stockton v. Altman, 432 F.2d 946 (1970), certiorari denied 401 U.S. 994, 91 S.Ct. 1232, 28 L.Ed.2d 532;Delchamps, Inc. v. Borkin, 429 F.2d 417 (1970); Parker v.American Oil Co., 327 F.2d 987 (1964). See also, Johnson v. NewYork, N.H H.R. Co., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77
(1952); Cone v. West *Page 881 Virginia Pulp Paper Co., 330 U.S. 212, 67 S.Ct. 752,91 L.Ed. 849 (1947). See generally, Lyons, 2 Alabama Practice 207 (1973); 5A Moore's Federal Practice, ¶¶ 50.12, 50.05.
The reason for requiring a party to move for J.N.O.V. is inherent in the very nature of Rule 50. Rule 50 sets up an interlocking set of procedures that allow a party to attack the sufficiency of his opponent's evidence. Those procedures are closely related and must be followed. Their interlocking relationship is demonstrated by the fact that a post-trial motion for J.N.O.V. is really just a renewal of a party's motion for directed verdict, and the J.N.O.V. motion cannot be granted unless the motion for directed verdict should have been granted. See Malloy, supra. Also inherent in Rule 50 is the intent to place the primary responsibility on the trial judge to determine the sufficiency of the evidence. To facilitate this responsibility Rule 50 (b) allows the trial court to reserve a ruling on the sufficiency of the evidence until after the jury verdict. The United States Supreme Court in Cone v.West Virginia Pulp Paper Co., supra, stated:
 "* * * And he can exercise this discretion with a fresh personal knowledge of the issues involved, the kind of evidence given, and the impression made by witnesses. His appraisal of the bona fides of the claims asserted by the litigants is of great value in reaching a conclusion as to whether a new trial should be granted. Determination of whether a new trial should be granted or a judgment entered under Rule 50 (b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart. See March v. Philadelphia West Chester Traction Co., 285 Pa. 413, 418, 132 A. 355; Bunn v. Furstein, 153 Pa. Super. 637, 638, 34 A.2d 924. See also Yutterman v. Sternberg, 8 Cir., 86 F.2d 321, 324, 111 A.L.R. 736. Exercise of this discretion presents to the trial judge an opportunity, after all his rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to him alone. He is thus afforded `a last chance to correct his own errors without delay, expense, or other hardships of an appeal.' See Greer v. Carpenter, 323 Mo. 878, 882, 19 S.W.2d 1046, 1047; Cf. United States v. Johnson, 327 U.S. 106, 112, 66 S.Ct. 464, 466, 90 L.Ed. 562." 330 U.S. at 216, 67 S.Ct. at 755.
The time period provided in Rule 50 (b) is also an integral part of the Rule. The United States Supreme Court in Johnson v.New York, N.H. H.R. Co., supra, stated:
 "* * * This requirement of a timely application for judgment after verdict is not an idle motion. This verdict solves factual questions against the post-verdict movant and thus emphasizes the importance of the legal issues. The movant can also ask for a new trial either for errors of law or on discretionary grounds. The requirement for timely motion after verdict is thus an essential part of the rule, firmly grounded in principles of fairness. [citations omitted] * * *." 344 U.S. at 53, 73 S.Ct. at 128.
We find the procedures contained in Rule 50 devise a precise plan for attacking the sufficiency of the evidence. This plan recognizes the important role played by the trial judge in determining that sufficiency. The final step in preserving appellate review of the sufficiency of the evidence in a jury trial is the making of a timely motion for J.N.O.V. Failure to make that motion prohibits appellate review of the sufficiency of the evidence. This is one reason a motion for directed verdict must be made at the close of all the evidence. Failure to make the latter motion at the close of all the evidence precludes the party complaining of the insufficiency of the evidence from later making a motion for J.N.O.V. See Rule 50, ARCP. This preclusion, thus, prevents the appellate court from reviewing the sufficiency of the evidence in a jury trial. SeeDelchamps, Inc. v. Borkin, supra. For this court to review a jury verdict on the ground there was insufficient evidence *Page 882 
to support it, both a motion for directed verdict at the close of all the evidence and a post-trial motion for J.N.O.V. must be made. See Parker v. American Oil Co., supra. We, therefore, hold the timely filing of a motion for J.N.O.V. is required in order to preserve a party's right, on appeal, to attack the sufficiency of the evidence in a jury trial.
Because A P did not timely file its motion for J.N.O.V., the question of whether the trial court erred in denying its motion for directed verdict is not properly before this court. We will note in this case, however, that even if the motion for J.N.O.V. had been timely filed, our holding would not be different because the record discloses there was sufficient evidence to support the jury's verdict.
 II
A P contends the trial court committed reversible error in charging the jury concerning a portion of the Traffic Code of the City of Mobile. A P lists the following reasons in support of that contention: (1) Sealy failed to prove the accident occurred either within Mobile's city limits or its police jurisdiction; (2) that portion of the city code was inapplicable because the A P truck was not parked on the road, but, on an improved shoulder, and (3) the trial court committed error in defining the word "obstruct," contained in that particular section of the city code, by reading the definition contained in Webster's Seventh New Collegiate Dictionary (1971 Ed.).
We find these three contentions to be without merit. A P's contention that Sealy did not prove the accident occurred within the police jurisdiction of Mobile is erroneous. It is clear from the testimony of the state trooper who investigated the accident that it occurred within the police jurisdiction of the City of Mobile:
 "Q * * * Is this area within the police jurisdiction of Mobile, the scene of the accident?
"A Yes, sir."
Furthermore, A P states in the facts narrated in its brief that the accident occurred within the police jurisdiction of Mobile.
Section 14-2 of the Mobile Traffic Code, which the trial judge read to the jury and to which A P objected, reads as follows:
 "No person shall stop, stand or park any vehicle upon a public street within the City of Mobile, or its police jurisdiction in such a manner or under such conditions as to block or obstruct the free movement of vehicular traffic."
A P contends the above section was not applicable to the case because the truck was not stopped, standing or parked on any public street but in fact was off the public street on the shoulder of the road. We disagree.
The evidence disclosed that the paved, improved, shoulder in question looked like and was frequently used as a turn lane. The investigating state trooper included, in his testimony, the shoulder as part of the public highway. Furthermore, Code 1975, § 32-1-1 (12) defines "highway" to include the full width of the right-of-way of any public road, street, etc. The fact the truck was parked on the improved shoulder does not make the quoted section of the Mobile Traffic Code inapplicable.
A P's last contention is that the trial court was in error, because it granted Sealy's written requested charge number nine and defined the word "obstruct" by using a definition fromWebster's Dictionary. This issue is not before us because A P did not object to this portion of the trial court's oral charge. The record discloses that A P objected to that portion of the trial judge's charge containing § 14-2 of Mobile City Traffic Code which was Sealy's written requested charge number eight; however, no objection was made to the reading of his written requested charge number nine which contained the definition of the word "obstruct." It is clear that no party may assign as error the giving of an improper charge without stating grounds for objection. Rule 51, ARCP; Moon v. Nolen,294 Ala. 454, 318 So.2d 690 *Page 883 
(1975). In this case, A P waived any possible error as to the trial court's instruction of the definition of "obstruct" by not specifically objecting to that part of the judge's oral charge.
 III
Sealy filed his petition for the writ of mandamus as an alternative to his cross-appeal seeking reinstatement of the original judgment of $185,000. We note at the outset that mandamus is the proper remedy to vacate an order the trial court had no power to enter. Ex parte Sharp, 259 Ala. 652,68 So.2d 545 (1953). We find the trial court had no authority to enter an order decreasing the jury verdict and, therefore, should the trial court fail to set aside the order decreasing the jury verdict and restore the judgment to its full amount of $185,000, then the writ will be issued to compel that it be done, if requested by Sealy.
A P contends, that in an off-the-record instruction, the jury was informed that the trial court would reduce their verdict by $10,000. Nothing in the record supports A P's contention that there was an agreement to reduce the jury verdict. The record does disclose that the jury was made fully aware of the fact that there had been a pro tanto settlement of $10,000. This court is bound by the record before it. Stephensv. Central of Georgia Railroad Co., 367 So.2d 192 (Ala. 1978). It is clear from the record that there was no instruction given or instruction requested that stated the trial court would reduce the verdict returned. We must, therefore, presume the jury returned the verdict they intended. A P submits, in its brief, an affidavit by the jury foreman supporting its contention. Such affidavit has no effect since affidavits of jurors generally may not be offered to impeach their verdict.Cameron v. Union Hill Baptist Church, 350 So.2d 314 (1977);Dumas v. Dumas Bros. Manufacturing Co., Inc., 295 Ala. 370,330 So.2d 426 (1976); Gulf States Steel Co. v. Law, 224 Ala. 667,141 So. 641 (1932).
The trial judge was totally without authority to modify the jury verdict. A P's request for modification was made 42 days after entry of judgment. Rule 59 (e), ARCP, only allows a motion to alter, amend or vacate a judgment within 30 days of entry of judgment. Rule 6, ARCP, prohibits the enlargement of this time period. Furthermore, a trial court only has authority to amend a jury verdict regarding matters of form or clerical error; this does not extend to matters of substance required to be passed upon by a jury. Hood v. Ham, 342 So.2d 1317 (Ala. 1977). See Rule 60 (a), ARCP. Even the right to amend a decree so as to correct a clerical error does not authorize the court to render a different decree. Ex parte Sharp, supra. The reduction of the jury verdict by $10,000 was a matter of substance, and the trial court had no authority to make such a reduction.[2]
If, on the basis of this decision, the trial court should fail to set aside the order reducing the verdict and judgment, thereby restoring the verdict and the judgment in the amount as originally returned and entered, then a writ to effectuate that end will issue upon request of petitioner, James Sealy.
JUDGMENT, AS WILL BE CORRECTED, AFFIRMED. WRIT GRANTED CONDITIONALLY.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
[1] Later, on the same day, A P filed its notice of appeal together with supersedeas bond.
[2] It should be noted, that in considering the amount of injury and damage suffered by Sealy, the jury, of necessity, took into account that he had already been compensated in the amount of $10,000 and was awarding, against A P, what the jury considered the balance of damages to which he was entitled on account of the negligence of A P. See Wylam Ice Co. v. King,293 Ala. 359, 304 So.2d 1 (1974). *Page 884