HOLMES, Judge.
This is an ejectment action in which a suggestion of adverse possession was interposed as a counterclaim.
This case was first tried before a jury in the Circuit Court of Etowah County in August of 1982. In that action, the trial court granted a directed verdict on the issue of ownership in favor of the plaintiff, Harvey Croft, and the jury awarded damages. The defendant, Archie Wells, appealed to the Supreme Court of Alabama, and the action was remanded for a new trial on the issues of ownership and damages.
A trial de novo was held in July of 1984, in which Wells appeared pro se. The trial court granted Croft’s motion for a directed verdict on the issue of ownership by adverse possession, and the jury returned a verdict of $7,000 in favor of Croft.
From this judgment Wells appeals, contending that the trial court erred in granting the motion for a directed verdict on the adverse possession issue and that there was insufficient evidence to support the jury’s verdict. We do not agree and affirm.
We do not deem it necessary to state the facts of this case. Interested parties can refer to Wells v. Croft, 442 So.2d 50 (Ala.1983).
Wells first contends that the trial court erred in granting Croft’s motion for a directed verdict on the issue of Wells’s ownership of the property by adverse possession.
Ownership of property by adverse possession, in this instance, is governed by § 6-5-200, Ala.Code (1975). This section states that a party must show a deed or color of title purporting to convey title to him duly recorded in the office of the judge of probate in the county where the land lies for ten years before commencement of the action, or listing of the land for tax purposes for ten years, or derivation of title by descent from one in possession of the land.
Wells, however, contends that the trial court granted the directed verdict on the issue of adverse possession under § 6-6-286, Ala.Code (1975). This section deals only with compensation for permanent improvements in an action for the recovery of land and does not apply to ownership by adverse possession.
Croft’s motion for a directed verdict was clearly granted only on the issue of “ownership of the land in dispute by adverse possession ” and was, therefore, gov *1239 erned by § 6-5-200, Ala.Code (1975) (emphasis added).
Here, there was absolutely no evidence that Wells had satisfied the ten-year statute of limitations for ownership of the land by adverse possession. There was no testimony that he had gained any type of deed, had paid any taxes on the land, or had derived the property by descent. In fact, Wells had not even possessed the land for ten years at the time this action was filed.
Because of the lack of evidence of ownership by adverse possession, the trial judge did not err in granting Croft’s motion for a directed verdict.
Wells also contends that there was not sufficient evidence to support the jury’s verdict as to the amount of damages, to wit, the award of $7,000 to Croft.
The record reveals that, at the conclusion of the evidence, Wells did not make a motion for a directed verdict and, later, did not make a motion for a judgment notwithstanding the verdict until thirty-one days after the verdict was rendered.
Under Rule 50, Alabama Rules of Civil Procedure, which is applicable in this instance, a party must move for a directed verdict before a motion for a judgment notwithstanding the verdict can be made. In any event, the motion for J.N.O.Y. must be made within thirty days of the entry of the judgment. Rule 50(b), A.R.Civ.P.
In order for an appellate court to consider an appeal on the contention that there was insufficient evidence to support the jury’s verdict, both a motion for a directed verdict at the close of all the evidence and a timely post-trial motion for J.N.O.V. must be made. Great Atlantic and Pacific Tea Company v. Sealy, 374 So.2d 877 (Ala.1979).
Because Wells did not file a motion for a directed verdict, which fact precluded a timely motion for J.N.O.Y., the question of whether there was sufficient evidence to support the jury’s verdict is not properly before this court. We note, however, that it appears from the record that there was sufficient evidence to support the verdict even if proper procedural steps had been followed.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.