The plaintiffs appeal from a jury verdict in favor of the defendants in this action to recover damages for trespass in the cutting of timber on a twenty-acre tract of land in Monroe County. We affirm.
The heirs of Napoleon Black filed a complaint in the Circuit Court of Monroe County, naming the heirs of Albert Black and Pedro Bell as defendants, alleging that the defendants negligently, or willfully, knowingly, and without consent, cut timber from their land in Monroe County. The defendants answered, alleging that they, with the exception of Pedro Bell, owned the land at the time of the alleged trespass, having acquired title by adverse possession. The case was tried to a jury, which returned a verdict in favor of the defendants. The plaintiffs appeal.
The plaintiffs urge this Court to reverse on the ground that the evidence produced at trial by the defendants in support of their claim of ownership was insufficient to support the jury's verdict.
The defendants insist that a post-trial motion for a judgment notwithstanding the verdict (JNOV) is necessary to preserve the right, on appeal, to attack the sufficiency of the evidence in a jury trial. They argue that the plaintiffs did not move for a JNOV following the trial, thus precluding this Court's review of that issue. We agree and, therefore, pretermit any further discussion of the facts in this case.
In Great Atlantic Pacific Tea Co. v. Sealy, 374 So.2d 877,880-82 (Ala. 1979), the Court stated:
 "Whether A P can now attack the sufficiency of the evidence on appeal by asserting as error the trial court's denial of its timely motion for directed verdict is an issue that has not been heretofore addressed by this court but has been by the federal courts, in particular, the Fifth Circuit. Since Rule 50 (b), ARCP, is almost identical to Rule 50 (b), FRCP, we elect to follow the Fifth Circuit decisions and hold that a timely post-trial motion for judgment notwithstanding the verdict is necessary to permit an appellate court to consider the sufficiency of the evidence. [Citations omitted.]
 "The reason for requiring a party to move for J.N.O.V. is inherent in the very nature of Rule 50. Rule 50 sets up an interlocking set of procedures that allow a party to attack the sufficiency of his opponent's evidence. Those procedures are closely related and must be followed. Their interlocking relationship is demonstrated by the fact that a post-trial motion for J.N.O.V. is really just a renewal of a party's motion for directed verdict, and the J.N.O.V. motion cannot be granted unless the motion for directed verdict should have been granted. . . . Also inherent in Rule 50 is the intent to place the primary responsibility on the trial judge to determine the sufficiency of the evidence. To facilitate this responsibility Rule 50 (b) allows the trial court to reserve a ruling on the sufficiency of the evidence until after the jury verdict. The United States Supreme Court in Cone v. West Virginia Pulp Paper Co. [330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849
(1947)] stated:
 "`* * * And he can exercise this discretion with a fresh personal knowledge of the issues involved, the kind of *Page 1290 
evidence given, and the impression made by witnesses. His appraisal of the bona fides of the claims asserted by the litigants is of great value in reaching a conclusion as to whether a new trial should be granted. Determination of whether a new trial should be granted or a judgment entered under Rule 50 (b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart. See March v. Philadelphia West Chester Traction Co., 285 Pa. 413, 418, 132 A. 355; Bunn v. Furstein, 153 Pa. Super. 637, 638, 34 A.2d 924. See also Yutterman v. Sternberg, 8 Cir., 86 F.2d 321, 324, 111 A.L.R. 736. Exercise of this discretion presents to the trial judge an opportunity, after all his rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to him alone. He is thus afforded "a last chance to correct his own errors without delay, expense, or other hardships of an appeal." See Greer v. Carpenter, 323 Mo. 878, 882, 19 S.W.2d 1046, 1047; Cf. United States v. Johnson, 327 U.S. 106, 112, 66 S.Ct. 464, 466, 90 L.Ed. 562.' 330 U.S. at 216, 67 S.Ct. at 755.
 "The time period provided in Rule 50 (b) is also an integral part of the Rule. The United States Supreme Court in Johnson v. New York, N.H. H.R. Co.
[344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952) ], stated:
 `* * * This requirement of a timely application for judgment after verdict is not an idle motion. This verdict solves factual questions against the post-verdict movant and thus emphasizes the importance of the legal issues. The movant can also ask for a new trial either for errors of law or on discretionary grounds. The requirement for timely motion after verdict is thus an essential part of the rule, firmly grounded in principles of fairness. [citations omitted] * * *.' 344 U.S. at 53, 73 S.Ct. at 128.
 "We find the procedures contained in Rule 50 devise a precise plan for attacking the sufficiency of the evidence. This plan recognizes the important role played by the trial judge in determining that sufficiency. The final step in preserving appellate review of the sufficiency of the evidence in a jury trial is the making of a timely motion for J.N.O.V. Failure to make that motion prohibits appellate review of the sufficiency of the evidence. This is one reason a motion for directed verdict must be made at the close of all the evidence. Failure to make the latter motion at the close of all the evidence precludes the party complaining of the insufficiency of the evidence from later making a motion for J.N.O.V. See Rule 50, ARCP. This preclusion, thus, prevents the appellate court from reviewing the sufficiency of the evidence in a jury trial. See Delchamps, Inc. v. Borkin [429 F.2d 417 (5 Cir. 1970)]. For this court to review a jury verdict on the ground there was insufficient evidence to support it, both a motion for directed verdict at the close of all the evidence and a post-trial motion for J.N.O.V. must be made. See Parker v. American Oil Co.
[327 F.2d 987 (5 Cir. 1964)]. We, therefore, hold the timely filing of a motion for J.N.O.V. is required in order to preserve a party's right, on appeal, to attack the sufficiency of the evidence in a jury trial."
The plaintiffs in this case did not move for a directed verdict at the close of all the evidence and, consequently, they were precluded from later making a motion for a JNOV following the trial. Therefore, the plaintiffs waived their right to attack the sufficiency of the defendants' evidence on appeal.
Other errors argued by the plaintiffs are without merit. Accordingly, the judgment of the trial court entered pursuant to the jury's verdict is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1291