Although plaintiff has established a cause of action for breach of warranty, I find no evidence that supports a claim of fraud. Appellant's failure to make a post-judgment motion for judgment not withstanding the verdict (JNOV) precludes this Court from reversing for the trial court's failure to grant a directed verdict on the fraud claim. Black v. Black,469 So.2d 1288 (Ala. 1985). However, my conclusion that there is no evidence of actionable fraud necessarily means that a verdict for the appellee on the fraud claim must have been against the great weight of the evidence.[1] Therefore, it was error not to grant a new trial.
Appellee contends that actionable misrepresentations took place when a salesman made general representations during negotiations prior to the sale that the car was "good," and after she returned the car to have repair work done, when she was told that the car would be fixed and that she would be satisfied.
Neither of these statements is an actionable misrepresentation. We have previously held that statements that houses are in "excellent" condition were statements of opinion and not actionable misrepresentations. Cooper Co. v. Bryant,440 So.2d 1016 (Ala. 1983); Harrell v. Dodson, 398 So.2d 272
(Ala. 1981). The statements that the car was "good" are analogous to the statements that the houses were "excellent" and are therefore not actionable. *Page 419 
The promises to fix the car and satisfy the appellee are not actionable fraud in the absence of evidence showing a present intent not to perform at the time the statements were made.Purcell Co. v. Spriggs Enter., Inc., 431 So.2d 515 (Ala. 1983). There is no such evidence present in this case. In fact, the evidence shows that repeated attempts were made to solve the problem, including, on one occasion, a ring job, and, on another occasion, an engine examination where the engine was completely torn down. While it may be true that the problem was not in fact completely corrected, that alone does not amount to evidence that there was no intent to perform when the promise to repair was made. Otherwise, a breach of contract would be tantamount to fraud. Id. at 519.
Further, I do not find any fraud in the implied representations that the majority contends were made. In essence, the majority concludes that if a new product is sold and there is a problem with it and the manufacturer has trouble repairing it, there is a possible cause of action for legal fraud. While Mathis v. Jim Skinner Ford, Inc., 361 So.2d 113
(Ala. 1978), does say that it is possible to have a fraud action under certain circumstances with regard to the sale of a new car, no such liability was found to exist in Mathis and I find no other case where a fraud action has been found viable under circumstances similar to those in this case.
The circumstances the majority claims give rise to an action for fraud have classically been found to give rise to a breach of warranty action. Mathis, supra. The majority would find that while each of the circumstances considered individually does not amount to actionable fraud, when they are considered together fraud exists.
In the only case I have found that applied the Mathis
holding, Boulevard Chrysler-Plymouth v. Richardson,374 So.2d 857 (Ala. 1979), there is a material factual difference between the facts presented there and the facts of this case. InRichardson, the new car had been altered between the time it left the factory and the time it reached the consumer. The consumer was told it was a new car, and while it had never before been sold, it apparently had been in a front-end collision and had been extensively repaired. Under those facts, I agreed that the jury could conclude that the consumer did not get a "new" car. In this case the appellee received the car in exactly the same condition as it left the factory. While it may have been defective, and the appellee is certainly entitled to pursue a breach of warranty action for the failure to cure the defect, I fail to see how this amounts to fraud.
Because there is no evidence of an actionable fraud, the motion for new trial should have been granted. I agree that we must reverse and remand the cause for a new trial, but for a reason very different from that given by the majority.
[1] Appellant did make a motion for new trial, contending that the verdict was against the great weight of the evidence. The jury returned a general verdict in favor of the plaintiff for $30,000. It is clear however, from the posture of the case that the jury must have found for the plaintiff on both the breach of warranty and fraud claims. The evidence shows that the plaintiff suffered less than $10,000 in compensatory damages. Therefore, the other $20,000 must be an award of punitive damages in connection with the fraud claim.