This is an appeal by the plaintiffs, Jack Martin Bains, Sr., and Peggy H. Bains, suing individually and as parents and next friends of Jack Martin Bains, Jr., from a judgment for the defendant, Richard Jameson, executor, based upon a jury verdict in plaintiffs' action to recover damages. We affirm.
The action arose out of a collision between a vehicle driven by Jack Martin Bains, Jr., and another vehicle driven by Jessie K. Howard. The accident occurred on Highway 75 within the city limits of Oneonta. Highway 75 is a five-lane highway, with two lanes running east, two lanes running west, and a turn lane between the east and west lanes. Jack, Jr., was travelling west, driving his father's 1983 Chevrolet Blazer vehicle, with his father's permission. He was operating the vehicle with the cruise control set at about 45 m.p.h., and, with the windows down, *Page 505 
was listening to a tape of a musical selection, "Blizzard of Oz."
Mrs. Howard was driving south in her two-door vehicle on Ingle Street, a perpendicular street which intersected Highway 75. A stop sign was located on the corner of Ingle Street and Highway 75 for traffic approaching Highway 75.
The collision occurred in the inside westbound lane on Highway 75, the lane that Jack, Jr., occupied. Both drivers sustained personal injuries. Mrs. Howard died on the day of the accident. Jack, Jr., was treated for injuries but not hospitalized.
Plaintiffs brought this action against Mrs. Howard's estate, alleging negligence and wanton conduct, to recover damages for the damage to the vehicle of Jack, Sr., for loss of service to the parents of Jack, Jr., and for injuries sustained by Jack, Jr. State Farm Mutual Automobile Insurance Company, as subrogee, was made a party plaintiff. Defendant answered by charging Jack, Jr., with contributory negligence. Following further pleading and discovery, trial by jury ensued, with a verdict being rendered for the defendant on all counts. State Farm and the Bainses moved for a new trial, which was overruled. The Bainses appeal. State Farm did not appeal.
 I.
Plaintiffs contend on appeal that there was no evidence of contributory negligence on the part of Jack, Jr., and thus, that the evidence is insufficient to support the verdict. Plaintiffs also argue that the trial court erred in improperly charging the jury.
Regarding plaintiffs' attack upon the sufficiency of the evidence, we conclude that, upon the record, this Court cannot review that issue. It is well settled that a motion for a directed verdict must be made at the close of all the evidence and that a timely post-trial motion for judgment notwithstanding the verdict must be subsequently made before an appellate court may consider on appeal the insufficiency-of-evidence issue directed to the jury's verdict. A full discussion of this requirement is found in GreatAtlantic Pacific Tea Co. v. Sealy, 374 So.2d 877, 880-82
(Ala. 1979), in which the Court, after discussing Rule 50, A.R.Civ.P., concluded:
 "We find the procedures contained in Rule 50 devise a precise plan for attacking the sufficiency of the evidence. This plan recognizes the important role played by the trial judge in determining that sufficiency. The final step in preserving appellate review of the sufficiency of the evidence in a jury trial is the making of a timely motion for J.N.O.V. Failure to make that motion prohibits appellate review of the sufficiency of the evidence. This is one reason a motion for directed verdict must be made at the close of all the evidence. Failure to make the latter motion at the close of all the evidence precludes the party complaining of the insufficiency of the evidence from later making a motion for J.N.O.V. See Rule 50, ARCP. This preclusion, thus, prevents the appellate court from reviewing the sufficiency of the evidence in a jury trial. See Delchamps, Inc. v. Borkin
[429 F.2d 417 (5th Cir. 1970)]. For this court to review a jury verdict on the ground there was insufficient evidence to support it, both a motion for directed verdict at the close of all the evidence and a post-trial motion for J.N.O.V. must be made. See Parker v. American Oil Co. [327 F.2d 987 (5th Cir. 1964)]. We, therefore, hold the timely filing of a motion for J.N.O.V. is required in order to preserve a party's right, on appeal, to attack the sufficiency of the evidence in a jury trial."
See also Black v. Black, 469 So.2d 1288 (Ala. 1985), andHousing Authority of the City of Prichard v. Malloy,341 So.2d 708 (Ala. 1977).
The plaintiffs in this case did not move for a directed verdict at the close of all the evidence. Nor did plaintiffs move for a judgment notwithstanding the verdict. Accordingly, plaintiffs have waived their right to question the sufficiency of the evidence on appeal. *Page 506 
 II.
Plaintiffs also maintain that the trial court erred in failing to charge the jury that Jack, Jr., was not, under the evidence, the agent, servant, or employee of his father.
Rule 51, A.R.Civ.P., explicitly states that:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ."
The record discloses that the trial court gave an extensive oral instruction to the jury dealing with the law of agency as applied to Jack, Sr., and his son, Jack, Jr. Part, but not all, of that oral charge is reproduced here:
 "Now, I might say this, that you'd have to consider the question of agency under, we'll say, count one. The law in Alabama — of course, the truck was owned by Mr. Bains, Sr. There's no dispute about that. And his son, Mr. Bains, Jr., was driving it. Well, now, the law in Alabama is that if a person owns a vehicle, automobile or truck, and if someone else is driving it, whether they are owners in it or not, but if another person is driving it, then there's what is called an administrative presumption. The law just says, well, the law is going to presume that whoever is driving that truck was an agent of the owner and that they had authority and were acting in the scope of their authority in driving the vehicle. You must start off with that presumption without proving it and just say — well, here if Mr. Bains owned the truck and his son was driving it, you'd start out with the presumption that Mr. Bains, Jr., was driving it as, we'll say, an agent on some business of his father or in some way as an agent of his father, which means that if that be true, then if Mr. Bains, Jr., was guilty of contributory negligence, that would be chargeable against his father, if you find that Mr. Bains, Jr., was acting as his agent under that sort of situation. But on the other hand, the law says that if that administrative presumption — that is when you start out with the presumption that the driver, whoever he might be, is acting as an agent of the owner — the law says that if you have clear and convincing and undisputed evidence that that presumption is not correct, that the driver was not, in fact, acting as an agent of the owner, then that presumption falls and he would be driving on his own, so to speak. Now, if that be the situation — I don't want to get this thing too complicated, but I've got to explain it to you. And if you've got questions later, you can ask me, and I'll try to answer them. But if you had that situation, if Mr. Bains, Jr. — if you found under the evidence that he was not the agent of his father in driving that truck, then if he'd be guilty of contributory negligence, it would not be, we'll say, chargeable against his father. And in that event, if Ms. Howard was negligent in whatever she did or didn't do and if that proximately caused the collision and injury and damage to the truck, then if Mr. Bains, Jr., was negligent also and if that proximately contributed to cause it, Mr. Bains would still be entitled to recover under count one due to the fact that you found it. And I'm not suggesting one way or the other what you find in regard to any of it. I'm just supposed to tell you what the law is, and you pass on everything in this case about credibility, who you believe, what you believe, and you find out what the facts are. But in that situation, Mr. Bains would be entitled to recover despite any contributory negligence on the part of his son under count one, and also State Farm Mutual would be entitled to recover under count one for whatever they have under the subrogation agreement. You've heard the evidence on that. And I'm going to submit a form of verdict to you later that if you find that way you'll return a verdict for the plaintiffs, that is, both Mr. Bains, Sr., and State Farm for whatever amount you find there." *Page 507 
After the trial court had completed the oral charge and given certain requested charges, counsel for plaintiff made the following request and exception:
 "Your Honor, at this time the plaintiff would request the Court and would except to the fact that the Court gave defendants' requested instruction number twenty, and we would ask that the Court clarify and make clear to the jury that in giving this charge — that you explain to them again that if there's evidence that's clear and convincing and overcomes that legal presumption, then that there's no agency, that they're not bound by that particular charge, may it please the Court. You gave it again. And you explained that initially, but when you gave it again to them, you did not go back and explain that, if there was clear and convincing evidence — I would appreciate you doing that again."
(Emphasis added.) Thereafter, plaintiffs' counsel proceeded to except to the trial court's refusal to instruct on certain of plaintiffs' requested charges. None of the refused requested charges contained in the record before us pertains to the issue of agency.
Moreover, it does not appear, from a reading of counsel's address to the court, that plaintiff was objecting to the court's instructions on the agency issue. But if we are mistaken in that interpretation, nevertheless, plaintiff has failed to comply with Rule 51, supra. If the objection was that the trial court erred in giving defendants' requested charge, it has not been pointed out to us, and our own study of the entire jury charge does not disclose, which portion of that charge was complained about. In any case, no grounds for such an objection were proffered as required by Rule 51. If, on the other hand, the objection, if it was an objection, was to the giving of "an erroneous, misleading, incomplete, or otherwise improper oral charge," then, again, no grounds for objection were stated. Marshall Durbin Farms, Inc. v. Landers,470 So.2d 1098 (Ala. 1985).
Finally, if by raising this issue on appeal plaintiffs are attacking the sufficiency of the evidence on the issue of agency, then we respectfully refer them to our discussion under Part I.
 III.
The final issue presented by plaintiffs concerns the trial court's response to a question from the jury. According to plaintiffs, the trial court erred in its response. The record discloses that the following exchanges occurred after the jury had been excused to begin their deliberations but returned to the courtroom with a question:
 "THE COURT: All right. Suppose you state that again, if you will.
"A JUROR: Okay.
 "THE COURT: They want to put it on the record here.
 "A JUROR: We have been discussing it and can't come up with anything. What we want to know is if both parties were at fault, both parties were negligent, would that — what would become of it then?
 "THE COURT: All right. Let me say this: You asked if both parties were negligent?
 "A JUROR: If both contributed to the accident, yes, sir.
 "THE COURT: All right. Now, I guess you understand what negligence is, failing to exercise reasonable care. All right. I'll answer your question as you gave it. As to negligence, contributory negligence is a defense. That means simply that if the plaintiff proves that the defendant, the other side, was negligent, and if that directly caused the collision, then if the defendant proves that the plaintiff was also guilty of negligence which directly contributed to cause the collision and injury, then there could be no recovery. The law would leave them the way they found them. You asked about negligence. I'll answer it as you gave it.
"MS. KYLE: May we approach the bench?
"THE COURT: Yes.
 "MS. KYLE: That would only be the case as to Jack Bains, Jr. As to Jack *Page 508 
Bains, Sr., and State Farm, then the additional question of whether Jack Bains, Jr., was acting —
 "THE COURT: I'm not going into that unless they ask me.
 "MS. KYLE: The question was if both parties are considered negligent what becomes of that.
"THE COURT REPORTER: I can't hear.
 "MS. OLSCHNER: This is a small courtroom. If we can't keep our voices down, then we need to excuse the jury. I think they can hear everything.
 "THE COURT: I don't know if it is proper to go into that.
 "MS. OLSCHNER: I object, that's not in direct response to the question, and it would be re-emphasizing certain parts of the charge without other parts, especially not in direct results of this question.
 "THE COURT: I know your point, but they haven't asked that.
 "MS. KYLE: They have asked it: What becomes of it? What becomes of the lawsuit?
"THE COURT: I don't mind covering it.
 "MR. McPHERSON: There is another problem, too, that does not work as far as punitive damage.
 "THE COURT: They haven't asked about that. I told them I was answering what they asked. I don't know. I don't want to just voluntarily get into some area that they don't have a question about. They may have but —
 "MS. KYLE: Your Honor, to further clarify the question: What becomes of it? She didn't say what becomes of — what becomes of Count 1, 2, 3? What becomes of the case as far as Jack Bains, Jr., or Sr.? What becomes of the lawsuit?
 "MS. OLSCHNER: I don't think you can say that means one thing, and you are asking Your Honor to reemphasize a certain part of the verdict.
 "THE COURT: Let me ask them something and see. I'll try not to emphasize it. [To the jury:] Let me ask you this. I don't know whether that answers your question or not. There may be some question about the different counts. I don't know about Count 1. I mentioned as to Count 1 about the matter of presumption, about agency. And I don't want to emphasize anything in here. I don't care about answering anything unless you ask me and want it. As to Count 1, there was a matter of agency. The driver of a vehicle is presumed to be the agent, acting within the scope of his authority in driving. And unless that is rebutted, proven to be erroneous by clear and convincing evidence, then the driver is considered the agent, the owner. Under Count 1, if he was considered servant or agent acting in line of his duty and all, why, that negligence, if there be negligence on the driver of whatever vehicle — of course, here would be the danger — then that would be imputed to the owner. And, what I said about negligence would apply, that if the driver then was negligent, then both parties were negligent. The negligence of each proximately contributed to cause the injury. The lawsuit would leave them where they found them. They would use that form, no recovery, other than if that presumption about agency had been rebutted, the owner of the vehicle and State Farm would be entitled to recover under Count 1. What I said to the other counts apply. I mention that, but I don't want to emphasize something. I don't have any interest one way or the other. It is up to you, ladies and gentlemen, to decide it. Now, I just mention that. I don't want to mislead you by just finding negligence. So, do you have anything further?
"A JUROR: No, sir.
"THE COURT: All right.
 "MS. OLSCHNER: We want to take exception to that portion that was not in direct response to the juror's question.
"THE COURT: Okay."
We have quoted the entire transaction so that the issue of the trial court's response is clearly and completely aired. *Page 509 
The record amply demonstrates the efforts of the trial court to fully respond to the jury's question while at the same time being careful not to emphasize any portion of his instruction. Contrary to the plaintiffs' position on appeal that the trial judge erred when he stated that "[t]he law would leave them the way they found them," the trial court diligently went further to assure that the jury would not overlook the effect of negligence on the agency issue.
Moreover, plaintiffs themselves, though objecting presently, made no objection to this charge. It was the defendant who objected. Plaintiffs cannot for the first time object to a jury instruction after they failed to make any objection and thus failed to preserve any supposed error for review. Record DataInternational, Inc. v. Nichols, 381 So.2d 1 (Ala. 1979).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.