ROBERTSON, Presiding Judge.
On August 8, 1980, Massey-Ferguson Credit Corporation (Massey) filed a complaint against James E. Bryan, Jr., in the Coffee County Circuit Court, for the wrongful detention of a Massey 540 combine, a Massey 13-ft. grain table, a Massey 13-ft. profitier grain reel, and a Massey 44-C corn head. Massey sought recovery of the equipment or, in the alternative, the value of the equipment, and $40,000 as damages for the wrongful detention.
On August 13,1980, the trial court entered an order for writ of seizure, stating that upon the posting of a detinue bond the Massey 540 combine, the Massey 13 — ft. grain table, the Massey 13-ft. profitier grain reel, and the Massey 44-C corn head would be seized by the sheriff but that Bryan was entitled to have a prejudgment hearing on the issue of dissolution of the writ of seizure, if a written request was received within five days. On that same day, a writ of seizure was issued to the sheriff for the seizure of the above described equipment and delivery of same to Massey. On August 26, 1980, Bryan filed a motion for dissolution of the writ and a request for a hearing stating that a $50,000 bond had been delivered to the sheriff on August 8, 1980.
On September 24, 1980, Bryan filed an answer to the complaint. On September 30, 1980, the trial court denied Bryan’s motion to dissolve the writ of seizure.
On April 20,1982, the trial court entered a notation on the case action summary sheet that a trial by jury had been requested on September 24, 1980, and ordered that the case be placed on the jury docket.
On January 25, 1983, Massey filed a motion for summary judgment, which was denied on February 17, 1983. On September 23,1983, Massey filed an amended complaint, adding Vance Bailey and W.D. Bailey d/b/a Brantley Tractor Company (Baileys) as defendants, alleging that the Baileys had entered into a contract with James E. Bryan whereby they agreed to supply credit life insurance to James E. Bryan. Massey also alleged that the Baileys had collected a premium of $1,477.50 for the credit life insurance but that they had written the contract for property damage insurance instead of credit life insurance. Massey further alleged that it (Massey) was the assignee of the Baileys to the contract, that the Baileys had breached the contract and the assignment agreement, and that as a result of their breach, Massey had been damaged. On November 1, 1983, the Baileys answered the complaint.
On May 7, 1985, the Baileys filed a motion for summary judgment, which was granted on October 23, 1985. On February 1, 1988, the trial court entered a notation on the case action summary sheet that the case had been settled. On January 25, 1989, Massey notified the trial court that the case had not been settled as to Bryan and requested a trial date. The ease was set for trial and continued on many occasions.
The case was eventually tried before a jury on November 5 and 6, 1990. Massey failed to move for a directed verdict at the close of all the evidence. The jury returned a verdict for Bryan. On November 14, 1990, the trial court entered a judgment, based on the jury verdict, in favor of Bryan and against Massey. On November 30, 1990, Massey filed a motion for a judgment notwithstanding the verdict, which the trial court denied on December 21, 1990.
Massey appeals[1] and contends that it had a superior title to the equipment in dispute and, therefore, was entitled to a judgment as *950 a matter of law. Massey requests this court to reverse the trial court’s judgment, based on the jury verdict, and remand with instructions for the trial court to enter a judgment in favor of Massey.
This court is precluded, on appeal, from examining the sufficiency of the evidence supporting a jury verdict when a motion for directed verdict is not made at the close of the evidence. Great Atl. & Pac. Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979). “[F]or a jury verdict loser to appeal, challenging the sufficiency of the evidence, he must first have moved for a directed verdict at the close of all the evidence and then he must renew that motion by moving for a judgment notwithstanding the verdict or for a new trial.” K.S. v. Carr, 618 So.2d 707, 712 (Ala.1993). A review of the record reveals that Massey did not move for a directed verdict at any time; therefore, it cannot challenge the sufficiency of the evidence on appeal. Consequently, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.

. This case has been delayed on appeal because of the court reporter’s failure to file a transcript of the proceedings before the trial court.